■ In the Matter of CAROL WALLACE, as Commissioner of the Greene County Department of Social Services, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered March 16, 1984 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondent Cesar Perales from conducting a hearing under subdivision 4 of section 372-e of the Social Services Law. ¶ In response to a solicitation by the Greene County Department of Social Services (Greene County) for prospective adoptive parents of an infant female, respondents Francis and Lois Voyticky submitted an application through a local private agency to Greene County. It appears from the record that this application was one of 80 received and considered by Greene County. By letter dated December 14, 1983, the Voytickys were informed that another home had been selected or was being considered. Thereafter, by letter dated December 18, 1983, the Voytickys requested a fair hearing by respondent Commissioner of the New York State Department of Social Services (commissioner) regarding the denial of their application to adopt the infant, and a hearing was scheduled for Janury 13, 1984. By order dated January 6, 1984, the Family Court of Greene County directed that the infant not be removed from her foster care pending the determination of the hearing. Petitioner then commenced this proceeding in the nature of prohibition to prevent the commissioner from conducting the

---

hearing. Special Term, analyzing subdivision 4 of section 372-e of the Social Services Law, concluded that the commissioner's interpretation of this statute so as to permit a fair hearing for those whose applications for adoption of a particular child were denied was reasonable and, thus, prohibition, which is available only upon a showing of a clear legal right, was not warranted. Petitioner's appeal followed. ¶ Subdivision 4 of section 372-e of the Social Services Law provides: "Any person whose application has been denied or whose application has not been acted upon by an authorized agency within six months of its submission may request and shall be granted a hearing in accordance with the provisions of section twenty-two of this chapter relating to fair hearings." Petitioner contends that under the statutory and regulatory scheme for adoption (Social Services Law, § 372-b *et seq.;* 18 NYCRR part 421), the fair hearing provided for by the statute at issue relates only to applicants not approved as adoptive parents in general and does not apply to the denial of an application to adopt a particular child. Respondents argue that the interpretation of the statute as permitting a fair hearing upon the denial of an application to adopt a particular child is consistent with the legislative policy encouraging supervision by the commissioner over local agency procedures and standardization of adoption procedures. ¶ We are of the view that Special Term should be affirmed. The statute on its face does not limit the availability of fair hearings to only those situations in which applicants are not approved as adoptive parents in general and, thus, we agree with Special Term that the language of the statute is not so clear as to be subject to only one interpretation. Subdivision 4 of section 372-e was enacted as part of the Child Welfare Reform Act of 1979 (L 1979, ch 611, § 5), which was designed, *inter alia,* to permit the coordination and supervision of the procedures relating to the evaluation of prospective adoptive parents under the auspices of the State Department of Social Services (see Memorandum of Assemblyman Lasher, NY Legis Ann, 1979, pp 355-356), of which the commissioner is the chief executive and administrative officer. By permitting a fair hearing under this statute to review the denial of an application to adopt a particular child, the commissioner has enhanced his ability to coordinate and supervise such procedures by reviewing their use in actual cases. That delays in the adoption process may result is not a sufficient reason to find the commissioner's interpretation of the statute unreasonable in light of the legislative mandate of the Child Welfare Reform Act of 1979 to standardize the evaluation of prospective adoptive parents and the necessity to ensure that such standardization is in effect and being followed. Thus, we cannot say that the commissioner's interpretation of subdivision 4 of section 372-e of the Social Services Law is unreasonable or contrary to the statutory language or legislative intent and, accordingly, it should be upheld (see *Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Rucker v Blum,* 85 AD2d 918, 919). Inasmuch as prohibition lies only to prevent or control judicial or quasi-judicial action when the body or officer acts or threatens to act without jurisdiction or in excess of its authorized powers when it has jurisdiction and only where there is a clear legal right to relief (*Matter of Schumer v Holtzman,* 60 NY2d 46, 51), we are of the view that Special Term did not abuse its discretion (*id.*) in concluding, based upon the commissioner's reasonable interpretation of subdivision 4 of section 372-e that he had jurisdiction and authority to conduct a fair hearing, that prohibition was not warranted. ¶ Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.