OPINION OF THE COURT
Simons, J.
In this article 78 proceeding, petitioner challenges the appointment by respondent Holtzman, the District Attorney of Kings County, of respondent Trager, Dean of Brooklyn Law School, as a special prosecutor to investigate and prosecute him for alleged criminal activities arising from his 1980 election as a member of Congress. Special Term held that the appointment was void and it also declared that respondent Holtzman was disqualified from proceeding against petitioner. The Appellate Division agreed that the appointment was void but it found that respondent Holtzman was not disqualified and modified the judgment by striking Special Term’s contrary finding that she was. On the parties’ cross appeals, we hold that petitioner may maintain this article 78 proceeding, that the written agreement between respondents formalizing respondent Trager’s appointment is void, and that his appointment pursuant to it is invalid. We further hold that the courts below erred in considering and determining the disqualification issue.
Petitioner is a United States Congressman and a former member of the New York State Assembly. In 1980, while a member of the Assembly, he sought and was elected to the congressional seat formerly held by respondent Holtzman. Shortly after the election, articles appeared in the newspapers concerning petitioner’s allegedly improper use of State employees during the congressional campaign. The United States Attorney investigated the charges, but the Justice Department determined that the matter was not appropriate for Federal prosecution. Respondent Holtzman, by then the District Attorney of Kings County, decided local officials should pursue the charges. Because she believed she might be accused of bias or the appearance *50 of bias against petitioner based upon past political differences with him and because she thought some of her former congressional staff might be witnesses in such an investigation, she asked Governor Cuomo to supersede her under the power granted him by subdivision 2 of section 63 of the Executive Law. When the Governor refused to do so, she appointed respondent Trager as a “Special Assistant District Attorney” and, in a written memorandum of understanding, gave him broad powers to control the investigation and prosecution.
Petitioner then instituted this article 78 proceeding challenging the appointment and requesting that the court (1) order respondent Holtzman to “rescind” the appointment and (2) prohibit respondent Trager from undertaking his duties. Petitioner also claimed at Special Term that the appointment was made because of respondent Holtzman’s publicly professed “disqualification” from acting and that the appointment of special assistants to act in cases of disqualification must be made by the court pursuant to section 701 of the County Law, not by the District Attorney.
Initially, we note that the District Attorney is a constitutional officer chosen by the electors of a county (NY Const, art XIII, § 13) and charged by statute with the duty of conducting “all prosecutions for crimes and offenses cognizable by the courts of the county for which [s]he shall have been elected” (County Law, § 700). She may appoint, and at pleasure remove, Assistant District Attorneys to assist in the performance of that duty (County Law, § 930; see, also, County Law, § 702), and if the District Attorney is disabled from acting or if she is disqualified in a particular case, the court may appoint a “special district attorney” to act during her disability or disqualification (County Law, § 701). A Special District Attorney appointed by the court pursuant to section 701 supersedes the District Attorney. He possesses all the powers and may discharge all the duties of the office during the term of the appointment. Section 930 does not contain any similar provision. Assistants appointed by the District Attorney pursuant to that section are subordinates.
This dispute arises from the memorandum of understanding executed by respondents. Although the District *51 Attorney purported to exercise the power to hire subordinates when she hired respondent Trager, the memorandum delegated to him broad discretion and power to conduct the investigation and determine the course of the prosecution. Petitioner contends, therefore, that the memorandum and the appointment pursuant to it are void because the delegation exceeded the District Attorney’s powers and that he is entitled to an order of prohibition.
Respondents contend that the extraordinary remedy of prohibition is not available to petitioner to challenge her power prior to the filing of an accusatory instrument and that Special Term and the Appellate Division improperly considered the question of her disqualification.
It is familiar law that an article 78 proceeding in the nature of prohibition will not lie to correct procedural or substantive errors of law, nor may it issue against legislative, executive or ministerial action (Matter of Morgenthau v Erlbaum, 59 NY2d 143, 147; Matter of Dondi v Jones, 40 NY2d 8, 13). Prohibition may be maintained solely to prevent or control a body or officer acting in a judicial or quasi-judicial capacity from proceeding or threatening to proceed without or in excess of its jurisdiction (Matter of Morgenthau v Erlbaum, supra; Matter of McGinley v Hynes, 51 NY2d 116,123-124, cert den 450 US 918; Matter of Nicholson u State Comm. on Judicial Conduct, 50 NY2d 597, 606) and then only when the clear legal right to relief appears and, in the court’s discretion, the remedy is warranted (Matter of Morgenthau v Erlbaum, supra; Matter of Dondi v Jones, supra). Thus, customarily, the proceeding is initiated to control or inhibit courts or Judges. We have held, however, that a public prosecutor may also be subject to prohibition under certain circumstances (Matter of B. T. Prods. v Barr, 44 NY2d 226, 232; Matter of Dondi v Jones, supra; and see Matter of McGinley v Hynes, 51 NY2d 116, supra). When a prosecutor represents the public in bringing those accused of crime to justice, he may be viewed as performing a quasi-judicial function and properly be subject to an article 78 proceeding in the nature of prohibition (Matter of B. T. Prods. v Barr, supra; Matter of Dondi v Jones, supra; Matter of Simonson v Cahn, 27 NY2d 1; Matter of Nolan v Court of Gen. Sessions, 15 AD2d 78, *52 affd 11 NY2d 114; Matter of Potenza v Kane, 79 AD2d 467, mot for lv to app den 53 NY2d 606). For example, prohibition has been granted to avoid double jeopardy (Matter of Simonson v Cahn, supra; Matter of Nolan v Court of Gen. Sessions, supra; Matter of Potenza v Kane, supra), to prevent prosecution by a special prosecutor of crimes which exceed the authority granted (Matter of Dondi v Jones, supra), and to prohibit retention of goods seized under a search warrant obtained by a special prosecutor in an investigation which was beyond his jurisdiction (Matter of B. T. Prods. v Barr, supra).
The conduct challenged here is not the appointment of respondent Trager per se, but his appointment pursuant to the memorandum of understanding which clothed him with extensive discretionary power to determine whom, whether and how to prosecute in the Schumer matter, power which is normally possessed only by an elected District Attorney (see People v Zimmer, 51 NY2d 390, 399; Matter of McDonald v Goldstein, 191 Misc 863, affd 273 App Div 649; People v Krstovich, 72 Misc 2d 90).
The memorandum of understanding provides that respondent Trager shall have: “full authority and responsibility to investigate, to determine whether to prosecute, and to prosecute any person for any offense arising out of, related to, or in any way connected with the conduct of Charles Schumer, his staff or any other person in connection with his 1980 campaign for election to the United States Congress while he was a member of the Assembly of the State of New York.” To facilitate performance of these duties, the memorandum granted him “all necessary authority * * * including but not limited to” the authority to investigate, to appear before Grand Juries and conduct Grand Jury proceedings, to seek Grand Jury reports, to have full access to obtain and review all documents from any source, to grant immunity, obtain warrants, subpoenas and court orders, to decide whom to prosecute and whether to prosecute, to frame and file accusatory instruments and handle all aspects of cases within his jurisdiction (whether initiated before or after his assumption of duties), including appeals.
*53 The memorandum provided further that in exercising the authority granted, respondent Trager “will have the greatest degree of independence that is consistent with the District Attorney’s statutory accountability. Insofar as consistent with that accountability, the District Attorney will not overrule or interfere with the Special Assistant District Attorney’s decisions or actions.” Moreover, respondent Holtzman promised that “[t]he Special Assistant District Attorney will not be removed from his duties except for extraordinary impropriety or for any disability which prevents him from fulfilling his responsibilities under this agreement.”
The agreement then went on to grant the Special Assistant District Attorney broad and largely unrestrained authority to hire and fire his staff and subject them to his direction only, to determine upon and issue public statements of his activities as he deems appropriate and to establish his own budget.
The memorandum manifestly attempts to divest respondent Holtzman of her discretionary judgment to initiate, pursue ant 5 conclude investigations and prosecutions and to set up ::n independent prosecutor to handle all aspects of the Schumer matter. The powers of the District Attorney, however, are conferred upon her by statute (see County Law, § 700; People v Di Falco, 44 NY2d 482, 487). She may delegate duties to her assistants but she may not transfer the fundamental responsibilities of the office -to them. Such a transfer may be accomplished only by executive or court order (see Executive Law, § 63, subd 2; County Law, § 701). To the extent that the District Attorney attempted to circumscribe the unlawful grant by reference in the memorandum to section 930 of the County Law and by the statement that the authority granted was limited to a grant “consistent with the District Attorney’s statutory accountability”, we give no effect to that language and read the memorandum to mean what the parties obviously intended it to mean: that the appointee was to have a free hand in all aspects of the Schumer matter.
 Without conceding the invalidity of the appointment, respondents contend, that prohibition is not available when the matter is still in the investigative or preac *54 cusatory stage (see Matter of McGinley v Hynes, 51 NY2d 116, 123-124, supra). This proceeding, however, does not challenge investigative activities of the prosecutor as such. It challenges the memorandum of understanding, a single, integrated agreement which lumps together both the investigative and accusatorial activities in the Schumer matter and delegates power over all phases of them to a special assistant. Nothing we said in McGinley suggests that prohibition is not available to void such an unlawful delegation of the power to direct and control a criminal prosecution.
Finally, respondents urge that prohibition should not be available to prevent the investigation before it even starts. The short answer to that contention is that we are not stopping the District Attorney from pursuing her duties. She or her subordinates may exercise all the powers of her office to investigate and, if the evidence warrants it, to prosecute petitioner or those involved with him. Just as prohibition is an appropriate remedy to void the improper appointment of a prosecutor when made by a court (see, generally, Matter of Board of Supervisors v Aulisi, 62 AD2d 644, affd 46 NY2d 731; Matter of Wilcox v Dwyer, 73 AD2d 1016), it will also lie to void an ultra vires appointment by the District Attorney.
Respondent Trager’s lack of jurisdiction being apparent, he should not be permitted to proceed pursuant to the memorandum when a future challenge to his conduct is inevitable. Permitting him to do so will only result in duplication of expense and effort and harassment of petitioner. Accordingly, the courts below properly exercised their discretion and granted the order of prohibition.
Insofar as the ruling on disqualification is concerned, petitioner alleges that respondent Holtzman is violating canon 9 of the Code of Professional Responsibility and that her continuing participation in the investigation presents an appearance of impropriety, as her public statements attest, which requires disqualification as a matter of law. He contends that the ethical propriety of her conduct is sufficiently presented for decision in this prohibition proceeding, regardless of its form, and the court should rule on it (see CPLR 103, subd [c]). We disagree. A court may *55 intervene to disqualify an attorney only under limited circumstances. Particularly is this so in the case of a District Attorney who is a constitutional officer chosen by the electorate and whose removal by a court implicates separation of powers considerations. Moreover, premature applications are not to be encouraged because they are wasteful and may be employed as delaying tactics. That the parties waived the procedural irregularities below in an effort to obtain a prompt resolution of the issue is not controlling. They may not confer power upon the court to pass on the merits.
Furthermore, the conditions petitioner raises do not come within that narrow area in which a court may consider whether counsel should be removed from a particular case. The courts, as a general rule, should remove a public prosecutor only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence (e.g., People v Zimmer, 51 NY2d 390, supra; People u Shinkle, 51 NY2d 417, 421) and the appearance of impropriety, standing alone, might not be grounds for disqualification. The objector should demonstrate actual prejudice or so substantial a risk thereof as could not be ignored. The Federal courts have adopted similar rules. They have held that there may be disqualification for the appearance of impropriety (1) if an attorney’s conflict of interest in violation of canons 5[1] and 9[2] of the Code of Professional Responsibility undermines the court’s confidence in the vigor of the attorney’s representation of his client, or (2) where the attorney is at least partially in a position to use privileged information concerning the other side through prior representation, thus giving his client an unfair advantage (see Armstrong v McAlpin, 625 F2d 433,444; Board of Educ. v Nyquist, 590 F2d 1241, 1246; United States v Newman, 534 F Supp 1113).
There is not yet any basis for deciding whether the present situation meets these criteria and calls for judicial action. The embarrassment of respondent Holtzman or the *56 fact that she may be accused of a vendetta because of prior political differences are considerations which she must weigh in either proceeding with the matter herself or moving for the judicial appointment of a special prosecutor. They are not reviewable by the court in this proceeding, however, merely because the District Attorney has publicly expressed some anxiety over a possible appearance of impropriety. Similarly, it is not now apparent that her former employees will be implicated in the investigation, thus possibly forcing her to take inconsistent positions, or if so, whether the inconsistency would be disabling. In sum, the application for disqualification was premature and not justiciable on the present record. That being so, neither petitioner nor the District Attorney was entitled to a determination on it.
Accordingly, the order of the Appellate Division, which we treat as declaring that respondent Holtzman is not disqualified, should be modified by striking that declaration and, as so modified, that order should be affirmed, without costs.
Chief Judge Cooke and Judges Jasen, Jones and Wachtler concur; Judges Meyer and Kaye taking no part.
Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.

. Canon 5 —• “A Lawyer should exercise independent professional judgment on behalf of a client.”

. Canon 9 — “A Lawyer should avoid even the appearance of professional impropriety.”