■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WILKINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered April 4, 1985, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that the grant or denial of an adjournment for any purpose is a matter resting within the sound discretion of the trial court (see, People v Cable, 63 NY2d 270; People v Singleton, 41 NY2d 402). To grant a request for an adjournment so that a party may produce a witness to testify on his behalf, it must appear to the trial court (1) that the evidence to be supplied by the proposed witness is really material, (2) that the party making the application has been guilty of no neglect, and (3) that the witness can be produced at the time to which trial is deferred (see, People v Foy, 32 NY2d 473; People v Jackson, 111 NY 362). In this case, the trial court's denial of the defendant's third application for a continuance so that he could produce a certain witness to testify about the defendant's physical state following one of the incidents in question was not an improvident exercise of discretion given the fact that the court had already granted two previous adjournments for the purpose of securing this witness. Moreover, there is no evidence that the witness was available, that her testimony was material and that the defendant was not guilty of neglect. Thompson, J. P., Bracken, Niehoff and Harwood, JJ., concur.