■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS LEAHY, Respondent.—Appeal by the People from an order of the County Court, Nassau County (Belfi, J.), dated September 9, 1986, which granted the defendant's motion to dismiss the indictment with leave to resubmit to a new Grand Jury, upon the ground that the Special District Attorney lacked jurisdiction over the subject matter of the indictment and was not authorized to present the matter to a Grand Jury.

Ordered that the order is reversed, on the law, the motion is denied, and the indictment is reinstated.

On August 11, 1985, the defendant, an off-duty New York City Housing Authority police officer, was assaulted outside his residence by five individuals. On that same date, the five alleged assailants were charged in a criminal complaint with assault in the second degree. Thereafter, the Nassau County District Attorney sought an order pursuant to County Law

§ 701 appointing a Special District Attorney to prosecute the case because an attorney who had represented one of the named defendants had joined the Nassau County District Attorney's Office as an Assistant District Attorney. The court granted the application. The order bore the caption of *People v Coules, Giuliani, Hewlette, Salvato & Zambardi,* indicating the five individuals already charged, and stated that it appointed Charles A. Singer "as a special district attorney for all purposes, including disposition, of the above-entitled case, and that said special district attorney shall possess the powers and discharge the duties of the District Attorney of Nassau County in connection with this case".

In connection with this appointment, the Special District Attorney conducted an investigation and presented the case to a Grand Jury. Prior to the Grand Jury presentment, the Special District Attorney obtained information that before Thomas Leahy, the defendant herein, was assaulted he had, without justification, drawn and discharged a loaded weapon. Defense counsel was advised that Leahy was a possible target of an upcoming Grand Jury inquiry. Because the Special District Attorney would not grant him immunity, the defendant elected not to testify before the Grand Jury. Thereafter, two separate indictments were returned, one charging 4 of the 5 individuals named in the criminal complaint and the other charging the defendant.

The defendant moved to dismiss the indictment against him, arguing that the Special District Attorney was without authority to present the case against him to the Grand Jury and to obtain the indictment because he was not named in the caption of the appointing order. The defendant further argued that because the Special Prosecutor was not a proper person before the Grand Jury with respect to the defendant's case, the Grand Jury proceedings were defective and the indictment must be dismissed. The trial court found that the Grand Jury proceedings were, indeed, defective and that it, therefore, lacked jurisdiction to proceed with the indictment.

County Law § 701 enables the court to appoint a "special district attorney" to act during the District Attorney's disqualification who shall possess all the powers and may discharge all the duties of the District Attorney *(see, Matter of Schumer v Holtzman,* 60 NY2d 46, 50). Both the District Attorney and the Grand Jury in our system of criminal justice serve investigatory as well as accusatory functions *(see, Matter of McGinley v Hynes,* 51 NY2d 116, 125, *cert denied* 450 US 918; *Matter of Additional Jan. 1979 Grand Jury v Doe,* 50 NY2d 14, 19). In

its investigatory role, the Grand Jury determines whether there is probable cause to believe that a crime has been committed and who committed it and, in its accusatory function, the Grand Jury charges those responsible for the crimes which have been uncovered (see, Matter of McGinley v Hynes, supra). Thus, the instant appointing order should be viewed broadly to accomplish its purpose of authorizing the Special District Attorney named therein to investigate the incident of August 11, 1985, and to charge those individuals whose criminal acts arising out of this incident become known in the course of gathering evidence and presenting evidence before the Grand Jury (cf., Matter of Mann Judd Landau v Hynes, 49 NY2d 128, 135; People v Yonkers Contr. Co., 24 AD2d 641, mod on other grounds 17 NY2d 322). No purpose would be served by adhering to a hypertechnical reading of the appointing order and limiting the authority of Special District Attorney to the cases of the five individuals named in the criminal complaint. The specific authority granted to the Special District Attorney to supersede the District Attorney in the prosecution of those five cases is plainly broad enough to encompass the case against the defendant herein which involved the same incident. Mangano, J. P., Thompson, Lawrence and Eiber, JJ., concur.