(November 23, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ROBERT W. PRICE, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered September 30, 1982, upon a verdict convicting defendant of the crime of burglary in the second degree.

In May 1982, defendant, together with Gary Buchter and Michael Neer, allegedly broke into the home of Neer's father and stole several weapons. In July 1982, an indictment was returned by the Grand Jury charging Buchter, Neer and defendant with the crime of burglary in the second degree. The testimony by one other than an accomplice relied upon by the People to corroborate the charge against defendant was given by Frank Heath before the Grand Jury. Defendant's subsequent motion to dismiss the indictment for alleged insufficiency of the evidence was denied. Failing to meet bail, defendant was incarcerated in the Broome County Jail pending trial. While incarcerated, defendant purportedly confided in another inmate, Warren Borne, relating to Borne the facts of his crime. This occurred while Borne was incarcerated between September 1, 1982 and September 9, 1982 on a misdemeanor charge of criminal impersonation.

Defendant's trial was scheduled to start on September 13, 1982. The prosecution, however, sought and was granted a one-week adjournment due to the unavailability of certain key witnesses. One of the missing witnesses was Heath, who had left this State because of purported threats made to him with respect to testifying against defendant. During the adjournment, Heath was found. It was then discovered, however, that Heath had provided defendant with the keys to a vehicle on the night of the burglary with knowledge that the crime was going to be committed and that Heath had received some of the stolen property as payment for his action. The prosecution relayed this newly discovered information to defendant, who moved to dismiss the indictment upon the ground that it was not supported by legally sufficient evidence.

Defendant's motion for dismissal was granted. The prosecution immediately applied for permission to submit the charge against defendant to another Grand Jury. The prosecution stated that corroborating evidence would be provided by Borne, the individual defendant had confided in while in jail. Since being released from jail on September 9, 1982, Borne had been arrested on a robbery charge and he offered to testify against defendant in exchange for leniency on the robbery charge. County Court granted the prosecution's application. The charge was submitted to another Grand Jury and defendant was again indicted on one count of the crime of

burglary in the second degree. The matter moved to trial. Defendant was found guilty and, following his sentencing to a term of imprisonment of 5 to 10 years as a second felony offender, he appealed to this court.

Defendant contends that the prosecution's request for a one-week adjournment should not have been granted. We cannot agree. The decision whether to grant an adjournment rests within the sound discretion of the trial court *(Matter of Anthony M.,* 63 NY2d 270, 283; *People v Danaher,* 115 AD2d 905, 906). Where there has been reasonable diligence in attempting to procure a witness, the testimony is not merely cumulative and it appears the witness will be made available, a short adjournment to find such an identified witness is proper *(People v Foy,* 32 NY2d 473; *People v Wilkins,* 133 AD2d 477, *lv denied* 70 NY2d 1012). Here, the prosecution represented that Heath and another individual important to their case were unavailable. These two witnesses had purportedly been intentionally avoiding subpoenas ostensibly due to threats made to them with respect to their roles as witnesses against defendant. The prosecution satisfactorily indicated that they had used diligence in attempting to subpoena these witnesses and that they were close to locating them. We do not find an abuse of discretion in granting the prosecution a one-week adjournment.

Nor are we persuaded by defendant's contention that County Court erred in allowing the prosecution to submit the charge against defendant to another Grand Jury. Since the dismissal of the original indictment was based upon a lack of legally sufficient evidence (CPL 210.20 [1] [b]), it was within the court's discretion to submit the charge to another Grand Jury (CPL 210.20 [4]). Contrary to defendant's assertion, there is nothing in the record to indicate that the prosecution was aware at the time the original indictment was handed down that Heath was an accomplice of defendant. While defendant's statements to Borne, together with Borne's subsequent arrest and offer to provide corroborating evidence, were somewhat fortuitous, nothing surrounding these events suggests bad faith on the part of the prosecution. We find no reason to disturb County Court's exercise of discretion in allowing the matter to be submitted to another Grand Jury.

The only other of defendant's arguments which merits discussion is his assertion that the representation by the Public Defender's office of both Borne and defendant denied him his right to effective assistance of counsel. A law firm which represents two defendants and allows one to testify

against the other in order to obtain a favorable deal for the one testifying may, by allowing such a conflict of interest, impinge the right to effective assistance of counsel of the other (see, e.g., People v Mattison, 67 NY2d 462, cert denied 479 US 984). The facts of this case do not reveal such a conflict. Defendant was represented by the Public Defender's office. Borne was also represented by the Public Defender's office at the time he was incarcerated on the misdemeanor charge, which was when defendant confided the details of his crime to Borne. Nothing in the record indicates that Borne used this information to his advantage with respect to the misdemeanor charge or that the Public Defender's office was even aware of the information Borne had been told by defendant. When Borne was subsequently arrested on the robbery charge, it appears that he acted totally of his own volition in using the information he had obtained from defendant to his advantage. The record does not indicate that Borne was represented by the Public Defender's office upon his arrest for robbery or that the Public Defender's office otherwise was involved in Borne's negotiations with respect to testifying against defendant. The record reflects neither an actual conflict of interest nor a significant possibility thereof. Further, defendant's counsel presented a vigorous defense including extensive cross-examination of Borne at both the suppression hearing and at trial. Accordingly, we do not find that defendant was denied the effective assistance of counsel (see, e.g., People v Perez, 70 NY2d 773).

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.