Levine, J.
(dissenting). I respectfully dissent. There have been no fundamental changes in the law nor in the status of Hamilton County since 1963 that warrant a departure from the settled principles of stare decisis.
When we affirmed the denial of a petition to remove a nonlawyer candidate from the ballot for District Attorney in Hamilton County in Matter of Drake v McAfee (13 NY2d 878), there were, according to the Supreme Court decision in that case, six attorneys residing in Hamilton County eligible for the office of District Attorney. Of those six, three were already holding public office. According to the record in this case, there are currently eight attorneys residing in Hamilton County, three of whom already hold public office. On these facts, it cannot be said that there no longer exists a "dearth” *476 of qualified attorney candidates willing to serve as District Attorney in Hamilton County. Petitioner argues that the fact that the position of District Attorney has been filled by a lawyer since 1966, whereas nonlawyers filled this position from the 1830s until 1941 and again from 1944 to 1966, provides evidence that the previous sui generis nature of that County no longer exists. However, that the electorate of Hamilton County has most recently chosen to elect a District Attorney who is a lawyer does not change the significance of the statistics with which we are presented. Because there are so few lawyers in the County, if the electorate were limited to candidates who are lawyers, there is a substantial likelihood that they would not have two candidates to choose from, thus effectively eliminating electoral choice. Indeed, the distinct possibility continues to exist that at some point in the future there will be no qualified attorney in the County willing to run for or serve as District Attorney, thereby depriving the County of a constitutional officeholder.
Likewise, the fundamental duties of the District Attorney— to conduct all prosecutions (County Law § 700 [1]) and to act as legal advisor to the Grand Jury (CPL 190.25 [6]) — were well established before Drake was decided. Subdivision (1) of County Law § 700 was enacted in essentially the same form in 1908 (L 1908, ch 262, § 1). Subdivision (6) of CPL 190.25 is derived from sections 262 to 264 of the Code of Criminal Procedure, enacted in 1881. Similarly, it was just as illegal for a layperson to practice law in 1963 as it is today. Judiciary Law § 478, enacted in 1965, is derived from a provision of the former Penal Code enacted in 1898 (L 1898, ch 165, § 4).
Drake was decided on practical considerations and in recognition of the sui generis nature of Hamilton County. Nothing has changed since then that warrants a different result in this case. Nor does our decision in Matter of Schumer v Holtzman (60 NY2d 46) require a different result. There we recognized that it is improper for the District Attorney to divest herself of ultimate responsibility and accountability for decisions of whom, whether and how to prosecute (id., at 53). However, it does not follow that it is also improper for a duly elected District Attorney (whether a lawyer or layperson) who retains responsibility and accountability for these decisions, to make them in consultation with a legal advisor. Moreover, by enacting chapter 665 of the Laws of 1911, the Legislature recognized that the District Attorney of Hamilton County would have need to delegate his or her purely legal functions to a *477 licensed attorney and that such assistant, given the dearth of lawyers in the County, could be a resident of either Hamilton County or any adjoining county.
To the extent there might be a technical violation of the Code of Professional Responsibility if a licensed Assistant District Attorney takes direction from a nonlawyer District Attorney on the issue of whether to prosecute, we have already held that the Code, "[w]hile unquestionably important, and respected by the courts, * * * does not have the force of law” (Niesig v Team I, 76 NY2d 363, 369 [Kaye, J.]). Moreover, where application of the Code affects the interests of others, we have acknowledged that " 'we must use our judicial process to make our own decision in the interests of justice to all concerned’ ” (S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d 437, 443 [Kaye, J.], quoting Foley & Co. v Vanderbilt, 523 F2d 1357, 1360 [Gurfein, J., concurring]). Thus, the majority’s reliance on the disciplinary rules in this context ignores our duty to protect the interests of the Hamilton County electorate. Furthermore, the public would be sufficiently protected against disciplinary violations because the Assistant District Attorneys, the actual in-court prosecutors, would be subject to professional disciplinary rules.
To ignore stare decisis, and the statutory and constitutional rights of the electorate of Hamilton County to the same legitimate choices afforded the electorate elsewhere in this State, will serve no purpose. For these reasons, I vote to affirm.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur in Per Curiam opinion; Judge Levine dissents and votes to affirm in a separate opinion.
Order reversed, etc.