■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NAOMI LOOMIS, ROBERT "STAN" LOOMIS, KENNETH MICHAEL LOOMIS, KIRK CALVERT and TONY PALLADINO, Respondents. [896 NYS2d 208]—

Stein, J. Appeal from an order of the County Court of Albany County (Herrick, J.), entered September 15, 2008, which granted defendants' motions to dismiss the indictment.

The People alleged that defendants were involved in unlawfully selling steroids and related drugs via the Internet to customers in, among other places, the City of Albany. In May 2008, after a lengthy course of proceedings—including three previous indictments[1] before two different grand juries—a 33-count indictment (hereinafter the fourth indictment) was returned. County Court previously dismissed 11 counts of the third indictment, but granted the People leave to re-present. In

---

1. The second and third indictments were superceding indictments.

May 2008, the People reconvened the grand jury, which had returned the third indictment in October 2007 and presented new evidence and a new indictment. Following the grand jury's return of the fourth indictment, County Court again entertained motions to dismiss and, after having released the grand jury minutes, dismissed the fourth indictment in its entirety, without granting leave to re-present. The People now appeal.

A grand jury proceeding is defective when it "fails to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]). Although there is no requirement that actual prejudice be demonstrated, "[d]ismissal of indictments under CPL 210.35 (5) should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury" (*People v Huston*, 88 NY2d 400, 409 [1996]). "[T]he question whether a particular presentment was so improper as to impair the integrity of the [g]rand [j]ury . . . proceeding and to create the potential for prejudice [is] . . . a question of law" (*People v Adessa*, 89 NY2d 677, 684-685 [1997]).

Under the particular facts and circumstances surrounding these complicated grand jury proceedings, we agree with County Court's finding that the integrity thereof was impaired (*see id.* at 685). Here, the grand jury was presented with evidence in October 2007 and given detailed instructions with regard to the law and the indictment being presented at that time. In May 2008—approximately seven months later—the same grand jury was presented with a completely new indictment that did not include any of the 11 counts previously dismissed, but did include numerous new counts including, among other things, one count of enterprise corruption—based on 65 pattern criminal acts—and other counts involving new theories, accomplices, offense dates and locations. At that time, the People presented the testimony of five additional witnesses and made available the exhibits and transcript of the minutes of the proceeding held in October 2007.

At the commencement of the May 2008 proceeding, the Assistant District Attorney gave the following explanation to the grand jury: "The next case for your consideration is a superceding indictment, re-presentation of an indictment that you previously heard on the 12th of October, 2007. This grand jury was extended for this investigation. There will now be more witnesses called. However, the testimony and the exhibits that were admitted prior to this are still available to you. So we have

a transcript of the minutes and we have all the exhibits from the last case that are here for you to review, if need be, or whenever you wish. Okay? So we expect to call five witnesses today." At the conclusion of the presentation of those witnesses, the People reminded the grand jury that it could review all of the evidence, including the "transcripts available of testimony [*sic*]", and then gave instructions on the law. In our view, given the complexity of the evidence presented, the charges sought and the intervening lapse of seven months between presentations to the grand jury, the People failed to "provide adequate guidance to permit the grand jury to carry out its function of intelligently determining whether a crime has been committed and if the elements of that crime have been established by legally sufficient evidence" (*People v Mujahid*, 45 AD3d 1184, 1186 [2007], *lv denied* 10 NY3d 814 [2008]).

For example, the introduction by the People at the outset of the fourth grand jury proceeding improperly referred to the new indictment as a superceding indictment and led the grand jury to believe that it was merely a continuation of the previous proceedings; the grand jury was never informed that it was being presented with an entirely new indictment for its consideration. Additionally, the record reflects that the People provided no verbal guidance to the grand jury as to how many counts to consider for each charge, which counts of the indictment charged which crimes or what evidence related to the various counts of the indictment being sought. Moreover, the grand jury was left to sort through stacks of materials, including transcripts and exhibits, to decide whether an entirely new version of the indictment should be returned, and it clearly had inadequate instructions and guidance to consider numerous new criminal pattern acts in the relatively brief amount of time that it deliberated. Although it was not necessary that the instructions to the grand jury be as precise as those given to a petit jury, upon our review of this record as a whole, we find that the instructions provided were so deficient and confusing that they substantially undermined the integrity of the proceedings, requiring dismissal of the indictment (*see People v Caracciola*, 78 NY2d 1021, 1022 [1991]).[2]

Nonetheless, in the exercise of our discretion, we conclude that leave to re-present the charges should be granted (*see generally People v Baker*, 64 NY2d 1027, 1028 [1985]; *Matter of Von Bulow*, 63 NY2d 221, 225 [1984]). Notably, in dismissing the

---

**2.** We reject the People's contention that these deficiencies were sufficiently remedied by the fact that the grand jury had before it a copy of the new indictment and the verdict sheets.

prior indictments—including the third indictment—County Court never found any improper motive, attempt to gain an advantage over defendants or any other malfeasance or evidence of bad faith on the part of the People, nor do we perceive any basis in the record for such a finding (*see People v Price*, 144 AD2d 854, 856 [1988]; *compare People v Huston*, 88 NY2d at 411-412; *People v Samuels*, 12 AD3d 695, 699 [2004]). Furthermore, defendants have failed to demonstrate that any prejudice would occur if the People were allowed to re-present the charges to another grand jury. Under the circumstances of this case, a lapse of 15 months between the first and fourth indictments was not so great a length of time as to warrant the drastic remedy of denial of leave to re-present the charges to another grand jury. While the People's attempts to obtain an indictment here could, arguably, have been more effectively pursued, the People are accorded broad discretion in exercising their powers and duties in conducting grand jury proceedings (*see People v Huston*, 88 NY2d at 406; *People v Lancaster*, 69 NY2d 20, 25-26 [1986], *cert denied* 480 US 922 [1987]). Thus, the mere fact of the People's ineffectiveness in complying with County Court's legal rulings with respect to prior grand jury presentations should not serve to prevent them from making another attempt to properly pursue charges against defendants based upon the evidence available and in accordance with County Court's prior determinations.

Peters, J.P., Lahtinen and Kavanagh, JJ., concur. Ordered that the order is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as denied the People's motion for leave to re-present the charges to a new grand jury; said motion granted; and, as so modified, affirmed.

