■ In the Matter of Manuel Martinez, Appellant, v State Commission on Judicial Conduct et al., Respondents. [931 NYS2d 315]—

In 2008, petitioner, a former lawyer, was convicted of murder in the second degree and solicitation in the second degree for having used his "mob connections" to hire a hit man to kill the estranged husband of a client he was representing in an acrimonious divorce proceeding. The respondent Assistant District Attorney (ADA) prosecuted the case, and a Supreme Court Justice presided over the trial. While serving his sentence, petitioner filed a complaint against the trial judge with the Commission, alleging improper conduct during the trial. The Commission dismissed the complaint. Meanwhile, the Department of Correctional Services (DOCS) placed the names of the 49 witnesses who had testified against petitioner at the trial on petitioner's "Negative Correspondence List," pursuant to the ADA's request, after one of the witnesses called and informed the ADA that petitioner had sent letters to her at her place of business. Petitioner commenced this CPLR article 78 proceeding seeking to compel the Commission to thoroughly investigate his complaint against the trial judge, to prohibit the ADA from compelling the DOCS to impose the Negative Correspondence List, and to compel the ADA to withdraw his request and cancel the list.

The court properly concluded that the petition, as asserted against the Commission, is time-barred (see CPLR 217 [1]). Petitioner filed his complaint on May 6, 2008, and the Commission informed him of its dismissal by letter dated January 20, 2009. As petitioner acknowledged receipt of the dismissal of the complaint in his January 26, 2009 letter, he had until May 26, 2009, at the latest, to file the petition. He did not do so until October 6, 2009. Even if the merits were considered, dismissal of the petition is warranted. The Commission has the authority to "dismiss the complaint if it determines that the complaint on its face lacks merit" (Judiciary Law § 44 [1]), and its "determination whether or not a complaint on its face lacks merit involves an exercise of discretion that is not amenable to mandamus" (Mantell v New York State Commn. on Jud. Conduct, 277 AD2d 96 [2000], lv denied 96 NY2d 706 [2001]).

The court also properly dismissed the petition as asserted against the ADA. Aside from petitioner's failure to exhaust his

administrative remedy, a writ of prohibition did not lie here, as the ADA was not acting in a judicial or quasi-judicial capacity. Accordingly, the ADA did not exceed any legal authority, when he wrote the letter to DOCS requesting that DOCS take all legal and proper steps to prevent petitioner from harassing any of the People's witnesses. The ADA was not "representing the State in its efforts to bring individuals accused of crimes to justice" (*Matter of McGinley v Hynes*, 51 NY2d 116, 123 [1980], *cert denied* 450 US 918 [1981]; *see also Matter of Schumer v Holtzman*, 60 NY2d 46, 51-52 [1983]). Nor was mandamus relief available to compel the ADA to direct DOCS to disregard his request to impose the Negative Correspondence List and to cancel the list, as the ADA had no duty and was not mandated by law to direct DOCS to act (*see Matter of Blase v Axelrod*, 67 NY2d 642 [1986]). We have considered petitioner's remaining arguments and find them unavailing. Concur—Friedman, J.P., Catterson, Moskowitz, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 31276(U).]**