[981 NE2d 260, 957 NYS2d 664]

In the Matter of P. DAVID SOARES, as District Attorney of Albany County, Respondent, v STEPHEN W. HERRICK, as Judge of the County Court of Albany County, Respondent, and NAOMI LOOMIS et al., Appellants.

Argued and submitted October 16, 2012; decided November 27, 2012

**POINTS OF COUNSEL**

*Dreyer Boyajian LLP*, Albany (*William J. Dreyer* of counsel), for Naomi Loomis and another, appellants. I. Prohibition does

not lie to prohibit County Court's dismissal of the fifth indictment, disqualification of the Albany County District Attorney's office and appointment of a special district attorney. (*Matter of Dondi v Jones*, 40 NY2d 8; *La Rocca v Lane*, 37 NY2d 575, 424 US 968; *Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358; *Matter of Steingut v Gold*, 42 NY2d 311; *Matter of Proskin v County Ct. of Albany County*, 30 NY2d 15; *Matter of State of New York v King*, 36 NY2d 59; *Matter of Nigrone v Murtagh*, 36 NY2d 421; *Matter of Rush v Mordue*, 68 NY2d 348; *Matter of Pirro v Angiolillo*, 89 NY2d 351; *Matter of Holtzman v Goldman*, 71 NY2d 564.) II. County Court had specific authority to dismiss the fifth indictment with leave to re-present, to disqualify the Albany County District Attorney's office and to appoint a special district attorney. (*Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358; *People v Huston*, 88 NY2d 400; *People v Di Falco*, 44 NY2d 482; *People v Zimmer*, 51 NY2d 390; *Matter of State of New York v King*, 36 NY2d 59; *Matter of Rush v Mordue*, 68 NY2d 348; *Matter of Schumer v Holtzman*, 60 NY2d 46.)

*E. Stewart Jones, PLLC*, Troy (*James C. Knox* of counsel), for Kenneth Michael Loomis and others, appellants. I. A writ of prohibition does not lie to review orders of a trial court disqualifying a district attorney due to a conflict of interest created by a viable civil lawsuit pending against the district attorney in Federal District Court. (*People v Leahy*, 72 NY2d 510; *Matter of Harvey v County of Rensselaer*, 83 NY2d 917; *Matter of Schumer v Holtzman*, 60 NY2d 46; *People v Zimmer*, 51 NY2d 390; *Young v United States ex rel. Vuitton et Fils S. A.*, 481 US 787; *United States v Kember*, 685 F2d 451; *Matter of Haggerty v Himelein*, 89 NY2d 431; *Matter of Rush v Mordue*, 68 NY2d 348; *Matter of Dondi v Jones*, 40 NY2d 8; *Matter of Hancock*, 91 NY 284.) II. The court below abused its discretion in granting the extraordinary writ of prohibition. (*La Rocca v Lane*, 37 NY2d 575; *Matter of Forte v Supreme Ct. of State of N.Y.*, 48 NY2d 179; *Matter of Holtzman v Goldman*, 71 NY2d 564; *Matter of Rush v Mordue*, 68 NY2d 348; *Matter of Steingut v Gold*, 42 NY2d 311; *Matter of Chasm Hydro, Inc. v New York State Dept. of Envtl. Conservation*, 58 AD3d 1100, 14 NY3d 27; *Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358; *Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783; *Collins v State of New York*, 69 AD3d 46; *Matter of Raheem v New York State Bd. of Parole*, 66 AD3d 1270, 14 NY3d 702.)

*Christopher D. Horn*, Albany, for respondent. The Third

Department properly granted the petition for a writ of prohibition. (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801; *Matter of Hearst Corp. v Clyne*, 50 NY2d 707; *La Rocca v Lane*, 37 NY2d 575, 424 US 968; *Matter of Proskin v County Ct. of Albany County*, 30 NY2d 15; *Matter of Cloke v Pulver*, 243 AD2d 185; *Matter of Haggerty v Himelein*, 221 AD2d 138; *Matter of Dondi v Jones*, 40 NY2d 8; *Matter of Rush v Mordue*, 68 NY2d 348; *Matter of Pirro v Angiolillo*, 89 NY2d 351; *Matter of Holtzman v Goldman*, 71 NY2d 564.)

*Cyrus R. Vance, Jr., District Attorney*, Kew Gardens (*Edward D. Saslaw* of counsel), and *Morrie I. Kleinbart*, Staten Island, for District Attorneys Association of the State of New York, amicus curiae. The constitutional concerns raised by improper disqualification of a duly elected district attorney must be remediable by CPLR article 78, and absent actual prejudice or a substantial risk of such prejudice, a district attorney simply cannot be disqualified. (*Matter of Dondi v Jones*, 40 NY2d 8; *People v Soddano*, 86 NY2d 727; *Matter of Schumer v Holtzman*, 60 NY2d 46; *People v Schrager*, 74 Misc 2d 833; *People v English*, 88 NY2d 30; *People v Keeton*, 74 NY2d 903; *People v Jackson*, 60 NY2d 848; *People v Di Falco*, 44 NY2d 482; *People v Leahy*, 72 NY2d 510; *Matter of State of New York v King*, 36 NY2d 59.)

## OPINION OF THE COURT

CIPARICK, J.

In this appeal, we are called upon to determine whether respondent Judge of Albany County Court exceeded his authority under County Law § 701 when he disqualified petitioner District Attorney of Albany County and his staff from prosecuting a case against respondents Naomi Loomis, Robert Loomis, Kenneth Michael Loomis, Kirk Calvert and Tony Palladino (collectively the defendants) and appointed a special district attorney to pursue the case. We hold that respondent exceeded his statutory authority and that the Appellate Division's decision to issue a writ of prohibition proscribing enforcement of his orders was appropriate.

The genesis of this appeal stems from an investigation initiated by petitioner and other agencies in June 2006 relating to the illegal sale of steroids and other prescription drugs over the Internet. As a result of this investigation, an Albany County grand jury returned an indictment against the defendants in early 2007. Petitioner then obtained two successive superseding

indictments. The defendants challenged the third indictment and respondent partially granted their motion to dismiss with leave to the People to re-present. After petitioner procured a fourth indictment, respondent, once again, granted the defendants' dismissal motion, but this time without leave to the People to re-present.

The People appealed respondent's dismissal of the fourth indictment to the Appellate Division. The court modified respondent's order by granting the People leave to re-present (*see People v Loomis*, 70 AD3d 1199, 1201 [3d Dept 2010]). During the pendency of the People's appeal, the defendants commenced a civil action in the United States District Court for the Middle District of Florida against petitioner and his staff, alleging, among other claims, that their federal constitutional rights had been violated during the prosecution of the criminal case. The defendants further asserted Florida state law causes of action. As the federal civil case proceeded, petitioner obtained a fifth indictment against the defendants. Shortly after this indictment was returned, Federal District Court issued a decision, concluding that petitioner was not entitled to immunity or summary judgment with respect to the constitutional claims lodged against him and his staff. District Court also denied petitioner's motion for summary judgment on the state common-law claims.

Meanwhile, the defendants moved in County Court to dismiss the fifth indictment. By order dated November 15, 2010, respondent granted the dismissal motion with leave to re-present, but disqualified the Albany County District Attorney's office "from further prosecution of this matter." Respondent reasoned that the pending civil lawsuit against petitioner and his staff created "a conflict of interest sufficient to warrant dismissal of the indictment" in that their "personal, professional and financial stake in the outcome of both the civil and criminal cases" establishes a "demonstrable potential for prejudice." In a subsequent order, dated November 22, 2010, respondent appointed a special district attorney from the community to handle the matter.

As a result, petitioner commenced a proceeding pursuant to CPLR article 78 in the Appellate Division seeking to prohibit enforcement of respondent's orders (*see* CPLR 506 [b] [1]). With two Justices dissenting, the Appellate Division granted the petition, vacated the orders and prohibited respondent "from taking any action in reliance on said orders" (*Matter of Soares v Herrick*, 88 AD3d 148, 157 [3d Dept 2011]). As a threshold

matter, the majority determined that respondent's actions were "reviewable by way of a proceeding in the nature of prohibition" (*id.* at 152). Addressing the merits, the majority held that respondent exceeded his authority when he disqualified petitioner and appointed a special district attorney under County Law § 701 (*see id.*). The majority observed that "[t]he appearance of impropriety, standing alone, may not cause the disqualification of a district attorney" (*id.* at 152) and concluded that the defendants here have failed to "demonstrate[ ] that petitioner's continued prosecution of their cases would result in actual prejudice" (*id.* at 154 [internal quotation marks omitted]).

The dissenting Justices would have dismissed the petition. In their view, respondent did not exceed his authority when he disqualified petitioner "on the basis of a conflict of interest" (*id.* at 154-155). Citing to our decision in *Matter of Kavanagh v Vogt* (58 NY2d 678 [1982]), the dissenters further opined that the question of whether such conflict warranted disqualification was "a question of law not reviewable by way of prohibition" (*Matter of Soares*, 88 AD3d at 155). The defendants appeal as of right pursuant to CPLR 5601 (a) and we now affirm.

Our analysis begins with the recognition that a "[d]istrict [a]ttorney is a constitutional officer chosen by the electors of a county" (*Matter of Dondi v Jones*, 40 NY2d 8, 19 [1976], citing NY Const, art XIII, § 13). County Law § 700 vests a district attorney with certain statutory duties including the duty "to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he or she shall have been elected or appointed" (County Law § 700 [1]; *Matter of Dondi*, 40 NY2d at 19). We have observed that a district attorney's broad statutory authority to prosecute all crimes and offenses within his or her jurisdiction is generally nondelegable (*see People v Soddano*, 86 NY2d 727, 728 [1995]).

However, there are certain circumstances where a court may substitute the elected district attorney and appoint a special district attorney. As relevant here, County Law § 701 (1) allows a court to appoint a special district attorney in situations where the district attorney is "disqualified from acting in a particular case to discharge his or her duties at a term of any court." In *People v Leahy* (72 NY2d 510 [1988]), we stated that the legislature designed this statute "narrowly by its terms and by its purpose to fill emergency gaps in an elected prosecutorial official's responsibility" (*id.* at 513). Acknowledging that a court's

authority under County Law § 701 "to displace a duly elected [d]istrict [a]ttorney" raises separation of power concerns, we cautioned that "[t]his exceptional superseder authority should not be expansively interpreted" (*Leahy*, 72 NY2d at 513-514).

With this background in place, the defendants argue that respondent's decision to disqualify petitioner and appoint a special district attorney was in accordance with County Law § 701. They further contend that, in any event, relief through a writ of prohibition is unavailable to petitioner.

■ "It is familiar law that an article 78 proceeding in the nature of prohibition will not lie to correct procedural or substantive errors of law" (*Matter of Schumer v Holtzman*, 60 NY2d 46, 51 [1983], citing *Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 147 [1983]). Rather, the extraordinary remedy

> "of prohibition may be obtained only when a clear legal right of a petitioner is threatened by a body or officer acting in a judicial or quasi-judicial capacity 'without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding of which it has jurisdiction' " (*Matter of Morgenthau*, 59 NY2d at 147, quoting *Matter of Dondi*, 40 NY2d at 13).

In the context of this case, we have recognized that "prohibition is an appropriate remedy to void the improper appointment of a [special] prosecutor when made by a court" (*Matter of Schumer*, 60 NY2d at 54). To the extent that *Matter of Kavanagh v Vogt* (58 NY2d 678 [1982]) stands for the proposition that a court's decision to disqualify a district attorney is not reviewable by way of prohibition, that case is no longer good law.

Of course, even where prohibition is an available remedy, it "is not mandatory, but may issue in the sound discretion of the court" (*La Rocca v Lane*, 37 NY2d 575, 579 [1975]).

> "In exercising this discretion, various factors are to be considered, such as the gravity of the harm caused by the excess of power, the availability or unavailability of an adequate remedy on appeal or at law or in equity and the remedial effectiveness of prohibition if such an adequate remedy does not exist" (*Matter of Dondi*, 40 NY2d at 13; *see La Rocca*, 37 NY2d at 579-580).

■ Applying these principles to the facts presented in this case, we conclude that respondent exceeded his authority under

County Law § 701 in disqualifying petitioner. In *Matter of Schumer*, we opined that "courts, as a general rule, should remove a public prosecutor *only* to protect a defendant from *actual prejudice* arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" (60 NY2d at 55 [emphasis added]). Here, there is no record support for the conclusion that the defendants suffered actual prejudice or any risk thereof in connection with petitioner's prosecution of the criminal case. On that note, the defendants do not quarrel with the Appellate Division's previous determination that petitioner's handling of this criminal case during the time he secured the first four indictments lacked "any improper motive" or was rooted in "malfeasance" or "bad faith" (*Loomis*, 70 AD3d at 1201-1202; *see Matter of Soares*, 88 AD3d at 154).

Instead, the defendants contend that the disqualification of petitioner was proper because of the necessary conflict of interest that arose from the civil lawsuit they initiated after respondent dismissed the fourth indictment. We cannot agree. Under our precedent, the existence of a conflict of interest between the district attorney and a defendant, by itself, does not warrant the removal of the district attorney; in addition, a defendant "should demonstrate actual prejudice or so substantial a risk thereof as could not be ignored" (*Matter of Schumer*, 60 NY2d at 55). Here, the defendants do not point to any prejudice suffered in connection with the fifth indictment returned by the Albany County grand jury. Indeed, this indictment contains virtually identical charges to the fourth indictment, which was obtained well before the defendants filed the civil lawsuit.

Moreover, respondent's rationale for removing petitioner is likewise unavailing. In his written decision, respondent identifies the purported conflict—petitioner's "personal, professional and financial stake in the outcome of both the civil and criminal cases"—and cites the mere "potential for prejudice" as his basis for disqualifying petitioner and his staff.* Given the absence of a finding by respondent of "actual prejudice" (*id.*) and, once

* At this juncture in the federal lawsuit, the federal constitutional claims against petitioner and his staff have been dismissed. Following District Court's denial of petitioner's motion for summary judgment, the United States Court of Appeals for the Eleventh Circuit reversed the judgment of the District Court, concluding that summary judgment should have been granted in favor of petitioner on the federal claims (*see Signature Pharm., Inc. v Soares*, 448 Fed Appx 917 [11th Cir 2011]). On October 1, 2012, the United States Supreme Court denied the defendants' petition for a writ of certiorari (— US —, 133 S

again, acknowledging that a court's "exceptional superseder authority should not be expansively interpreted" (*Leahy*, 72 NY2d at 513-514), respondent's decision to disqualify petitioner and to appoint a special district attorney was in excess of his authority under County Law § 701.

In sum, while we refrain from concluding that a civil lawsuit commenced by a criminal defendant against a duly elected district attorney in the midst of a pending prosecution will never warrant the disqualification of such district attorney, we see no basis for petitioner's disqualification here. Thus, having determined that respondent exceeded his statutory authority, we further conclude that the Appellate Division weighed the relevant factors in determining whether to exercise its discretion in issuing the writ of prohibition and that the court's decision to do so was appropriate.

Accordingly, the judgment of the Appellate Division should be affirmed, without costs.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH and PIGOTT concur.

Judgment affirmed, without costs.

Ct 167 [2012]). Thus, the only claims that remain pending are the Florida common-law causes of action. We agree with the Appellate Division that these claims "fall far short of demonstrating the actual prejudice needed to remove [him] from prosecution of the case" (*Matter of Soares*, 88 AD3d at 154 [internal quotation marks omitted]).