■ In the Matter of WORKING FAMILIES PARTY, Petitioner, v FERN A. FISHER, Deputy Chief Administrative Judge for New York City Courts, et al., Respondents. [970 NYS2d 563]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition, inter alia, to prohibit the enforcement of an order dated January 12, 2012, issued by the respondent Fern A. Fisher, Deputy Chief Administrative Judge for New York City Courts, which, among other things, appointed a Special District Attorney pursuant to County Law § 701 to investigate and prosecute possible violations in connection with a 2009 New York City Council election.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

In February 2010, the respondent Daniel M. Donovan, Jr., in his capacity as Richmond County District Attorney (hereinafter District Attorney Donovan), filed an ex parte application in the Supreme Court, Richmond County, and requested that the application be retained under seal. In his application, District Attorney Donovan requested to be relieved from acting as the Richmond County District Attorney in a case involving possible violations of Election Law article 14, Administrative Code of the City of New York § 3-701 *et seq.* and Penal Law articles 175 and 210 in connection with a 2009 New York City Council election on Staten Island. District Attorney Donovan further requested, pursuant to County Law § 701, that a Special District Attorney be appointed for that case.

In an order dated January 12, 2012 (hereinafter the appointment order), the respondent Fern A. Fisher, Deputy Chief Administrative Judge for New York City Courts, appointed Roger Bennet Adler to act as a Special District Attorney "in any and all stages of investigation and prosecution of" "possible violations of Election Law Section 14-126, Local Campaign Finance Law codified in the New York City Administrative Code Section 3-701, *et seq.* and Penal Law Articles 175 and 210 in

connection with a 2009 City Council election on Staten Island." The appointment order directed that District Attorney Donovan's application remain under seal until further order of the court, and that the appointment order be entered with the County Clerk and shall not be under seal. The appointment order recited that it was signed at a "Special Term, Part I, of the Supreme Court of the State of New York, held in and for the County of Richmond, at . . . 18 Richmond Terrace, Staten Island, New York."

On or about January 31, 2013, Special District Attorney Adler issued subpoenas to the treasurer and secretary of the Working Families Party (hereinafter the WFP), commanding them to appear to testify before a grand jury. Thereafter, the WFP commenced this proceeding pursuant to CPLR article 78 in the nature of prohibition, inter alia, to prohibit the enforcement of the appointment order. The WFP contends, among other things, that the appointment order is invalid pursuant to County Law § 701 because it was not issued by a superior criminal court in the county wherein the action is triable (see County Law § 701 [1]), and because District Attorney Donovan did not demonstrate that he should be disqualified from acting as District Attorney.

Initially, we reject the respondents' contentions that this proceeding is time-barred. "An article 78 proceeding must be brought 'within four months after the determination to be reviewed becomes final and binding upon the petitioner' " (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005], quoting CPLR 217 [1]). The four-month statute of limitations has been applied to proceedings in the nature of prohibition where, as here, a single circumscribed act of power is being questioned (see *Matter of Holtzman v Marrus*, 74 NY2d 865, 866 [1989]; *Matter of Smith v Brown*, 105 AD3d 965, 966 [2013]). However, a determination generally does not become binding until the aggrieved party is "notified" (*Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 72 [1989] [internal quotation marks omitted]; see *Matter of Silvestri v Hubert*, 106 AD3d 924, 925 [2013]). " 'The burden rests on the party seeking to assert the statute of limitations as a defense to establish that the petitioner was provided notice of the determination more than four months before the proceeding was commenced' " (*Matter of Silvestri v Hubert*, 106 AD3d at 925, quoting *Matter of Bill's Towing Serv., Inc. v County of Nassau*, 83 AD3d 698, 699 [2011]). Here, the respondents failed to establish that the WFP was provided with notice of the appointment order more

than four months before this proceeding was commenced. Nevertheless, we deny the petition and dismiss the proceeding for the reasons that follow.

" '[A]n article 78 proceeding in the nature of prohibition will not lie to correct procedural or substantive errors of law' " (*Matter of Soares v Herrick*, 20 NY3d 139, 145 [2012], quoting *Matter of Schumer v Holtzman*, 60 NY2d 46, 51 [1983]). Rather, "the extraordinary remedy of prohibition may be obtained only when a clear legal right of a petitioner is threatened by a body or officer acting in a judicial or quasi-judicial capacity without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding of which it has jurisdiction" (*Matter of Soares v Herrick*, 20 NY3d at 145 [internal quotation marks omitted]; *see Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 147 [1983], *cert denied* 464 US 993 [1983]). Even where prohibition is an available remedy, it " 'is not mandatory, but may issue in the sound discretion of the court' " (*Matter of Soares v Herrick*, 20 NY3d at 145, quoting *La Rocca v Lane*, 37 NY2d 575, 579 [1975], *cert denied* 424 US 968 [1976]). " 'In exercising this discretion, various factors are to be considered, such as the gravity of the harm caused by the excess of power, the availability or unavailability of an adequate remedy on appeal or at law or in equity and the remedial effectiveness of prohibition if such an adequate remedy does not exist' " (*Matter of Soares v Herrick*, 20 NY3d at 145, quoting *Matter of Dondi v Jones*, 40 NY2d 8, 13 [1976]).

Prohibition is an available remedy to void the improper appointment of a Special District Attorney pursuant to County Law § 701 when the Special District Attorney is performing the quasi-judicial act of representing the State in its efforts to bring individuals accused of crimes to justice (*see Matter of Soares v Herrick*, 20 NY3d at 145; *Matter of Schumer v Holtzman*, 60 NY2d at 54). However, it is not an available remedy when the Special District Attorney is performing the purely investigative function of investigating "suspicious circumstances" with a view toward determining whether a crime has been committed, since, in such circumstances, his or her acts are to be regarded as executive in nature (*Matter of McGinley v Hynes*, 51 NY2d 116, 124 [1980], *cert denied* 450 US 918 [1981]; *see Matter of Suffolk County Legislature v Mullen*, 211 AD2d 736, 737 [1995]). Here, the WFP failed to establish that Special District Attorney Adler was performing a quasi-judicial act. Accordingly, prohibition does not lie.

The WFP's remaining contentions are without merit. Hall, J.P., Lott, Austin and Cohen, JJ., concur.