Matter of Flynn v DiTullio (2024 NY Slip Op 03280)

Matter of Flynn v DiTullio

2024 NY Slip Op 03280

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND NOWAK, JJ.

349 OP 23-02118

[*1]IN THE MATTER OF HON. JOHN J. FLYNN, DISTRICT ATTORNEY OF ERIE COUNTY, PETITIONER,
v
HON. SHEILA A. DITULLIO AND PATRICK PRIM, RESPONDENTS. 

JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR PETITIONER. 
PAUL G. DELL, BUFFALO, FOR RESPONDENT PATRICK PRIM.

 Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to prohibit respondent Hon. Sheila A. DiTullio from enforcing an order appointing a Special District Attorney. 
It is hereby ORDERED that said petition is unanimously granted without costs and judgment is granted in favor of petitioner as follows:
It is ADJUDGED that respondent Hon. Sheila A. DiTullio is prohibited from enforcing the order dated August 18, 2023, under Erie County indictment No. 71431-23.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to prohibit Hon. Sheila A. DiTullio (respondent) from enforcing an order that granted the motion of respondent Patrick Prim seeking to disqualify petitioner from prosecuting a criminal case against Prim and appoint a Special District Attorney to prosecute the matter instead.
We agree with petitioner that the petition should be granted inasmuch as respondent exceeded her authority in granting Prim's motion (see generally Matter of Soares v Herrick, 20 NY3d 139, 144-146 [2012]). "A court may intervene to disqualify an attorney only under limited circumstances," particularly "in the case of a District Attorney who is a constitutional officer chosen by the electorate and whose removal by a court implicates separation of powers considerations" (Matter of Schumer v Holtzman, 60 NY2d 46, 54-55 [1983]). "The courts, as a general rule, should remove a public prosecutor only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" (id. at 55; see People v Adams, 20 NY3d 608, 612 [2013]). "[I]n rare situations, the appearance of impropriety itself is a ground for disqualification . . . when the appearance is such as to 'discourage[ ] public confidence in our government and the system of law to which it is dedicated' " (Adams, 20 NY3d at 612, quoting People v Zimmer, 51 NY2d 390, 396 [1980]).
We conclude that under the circumstances presented, respondent erred in finding that Prim established that disqualification was warranted due to the existence of an appearance of impropriety arising from the fact that Prim was being prosecuted in another matter for crimes allegedly committed against an Assistant District Attorney (ADA) employed by petitioner (see People v Wynn, 248 AD2d 494, 494 [2d Dept 1998], lv denied 91 NY2d 1014 [1998]; see also Soares, 20 NY3d at 146-147). The mere fact that an ADA was a victim in another, unrelated case against Prim does not create an appearance of impropriety (see Wynn, 248 AD2d at 494; People v Seymour, 225 AD2d 487, 488 [1st Dept 1996]; see generally People v Hooper, 288 [*2]AD2d 948, 949 [4th Dept 2001], lv denied 97 NY2d 755 [2002]).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court