■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD WEINER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 11, 1975, convicting him of bribery and unlawfully dealing with fireworks, upon his plea of guilty, and imposing sentence. The appeal also brings up for review the denial of defendant's motion to dismiss the indictment upon the ground that he had been denied a speedy trial. Judgment reversed, on the law, motion granted, and indictment dismissed. The defendant was arrested and arraigned on a felony complaint charging bribery and unlawful dealing in fireworks on June 30, 1972. At the People's request, a preliminary hearing was adjourned until October 25, 1972, at which time the case was held for Grand Jury action. Because bribery of police officers was involved, the case fell under the jurisdiction of the office of Special State Prosecutor Nadjari; the District Attorney of Kings County was required to obtain Mr. Nadjari's authorization before presenting the case against defendant to a Grand Jury. Apparently in return for a promise of leniency, defendant co-operated with the Special Prosecutor's office and his assistance resulted in the return of seven indictments against other individuals. On December 8, 1972 Mr. Nadjari authorized the District Attorney of Kings County to seek an indictment, but withdrew that authorization on February 7, 1973. On October 26, 1973 authorization to proceed was again given to the District Attorney of Kings County and, on December 13, 1973, some 13 months after the case had been ordered held for Grand Jury action, defendant was indicted. Defendant moved to dismiss the indictment upon the ground that the People had not been ready for trial as required by CPL 30.30 (subd 1, par [a]) within six

months of June 30, 1972, the date upon which the criminal action was commenced by the filing of a felony complaint. Criminal Term held, *inter alia*, that defendant had acquiesced in the preindictment delay by his co-operation with the Special Prosecutor. Research has failed to disclose any New York authority on the question whether a defendant's co-operation with prosecutorial agencies in the expectation of leniency constitutes an acquiescence in the delay of his trial during such period. The two Federal cases cited by the defendant *(United States v Roberts,* 515 F2d 642, 647 and *United States v Carini,* 562 F2d 144, 149) hold that agreements between the prosecution and defendant which call for the latter's co-operation in return for leniency do not result in an acquiescence by the defendant in the delay of his trial. Those cases did not involve the provision of the Federal speedy trial statute, which specifically excludes any period of delay necessary "for the purpose of allowing the defendant to demonstrate his good conduct" (US Code, tit 18, § 3161, subd [h], par [2]), because that provision applied only where the prosecution is deferred pursuant to a written agreement approved by the court. No written agreement was involved in *Roberts* or *Carini,* and there is no such agreement here. The People correctly contend, however, that the *Roberts* and *Carini* cases are not binding upon this court (see *Walker v Walker,* 51 AD2d 1029, 1030). Moreover, the record is unclear as to what benefit defendant sought or received for his alleged co-operation. In any event, we do not and need not reach the issue whether defendant acquiesced in the preindictment delay by co-operating with the Special Prosecutor for the reason that, even excluding the period of defendant's alleged co-operation, the time chargeable to the People in bringing defendant to trial is more than ample to require a dismissal of this indictment because defendant was denied his statutory right to a speedy trial (see CPL 30.30, subd 1, par [a]). The People concede that the 42-day period from September 13, 1972 until October 25, 1972, during which the preliminary hearing was adjourned at their request, is chargeable against them. Regardless of the issue of defendant's co-operation, the Special Prosecutor did in fact authorize the District Attorney of Kings County to prosecute the defendant. The first period of authorization, from December 8, 1972 until February 7, 1973, lasted 61 days and the second period, from October 26, 1973 until December 13, 1973, lasted 48 days. Since the People were free to prosecute during those periods, the delay is properly chargeable against them. The six-day period, from December 13, 1973 until the defendant's arraignment on December 19, 1973, should also be charged against the People. Finally, the 220-day period from the time the case was assigned to a trial part on January 18, 1974, until August 26, 1974, the date when the case first appeared on the Trial Calendar, is also chargeable against the prosecution. In order to toll the six-month statutory period the People must affirmatively indicate that they are actually ready for trial. There was no such assertion here and, during this extended period, the People did not move the case for trial. Thus, we find that at least 377 days of pretrial delay are attributable to the People. As that length of time is more than twice the time allowed by the statute, the judgment must be reversed and defendant's motion to dismiss the indictment granted. Martuscello, J. P., Latham, Damiani and Rabin, JJ., concur.