■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FRISCIA, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered July 27, 1978, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree. Defendant contends that the court erred in denying his motion to dismiss the indictment on the ground that he had been denied a speedy trial. A delay of approximately one year occurred between the date defendant was indicted on a felony drug charge and the date the People were ready for trial. Since this period exceeds six months, defendant's motion must be granted (CPL 30.30, subd 1, par [a]) unless sufficient time is excludable to shorten the period of delay chargeable to the People to six months or less (CPL 30.30, subd 4; see *People v Sturgis,* 38 NY2d 625). The People contend that the delay was due to a plea bargaining agreement with defendant whereby the People were to recommend lifetime probation upon defendant's plea of guilty to a class A-III felony in return for defendant's co-operation with the State Police in its narcotics investigation of certain individuals. The agreement was expressly conditioned upon the People's ability to obtain indictments against the individuals. In our view, while the issue is apparently a novel one in New York (see *People v Weiner,* 63 AD2d 722), the delay occasioned by this arrangement constitutes a delay due to "exceptional circumstances" within the meaning of CPL 30.30 (subd 4, par [g]) and should, therefore, be excluded from the computation of the time within which the People must be ready for trial. However, a review of the record reveals that the period of the delay which is actually attributable to the agreement cannot be ascertained with any certainty. The agreement itself is set forth in a letter from the District Attorney to defense counsel, dated May 10, 1977, some five months after the indictment was filed. It is apparent that despite defendant's co-operation in the investigation no indictments were obtained and, thus, according to its terms the agreement became a nullity. At some point in time, the police became aware of the futility of further investigation and ceased their efforts. When this occurred, the delay in bringing defendant to trial could no longer be considered as occasioned by the plea bargaining arrangement. There is nothing in the record to indicate when the investigation ceased, but the People state in their brief that it occurred in late 1977. Accordingly, we are of the view that the record must be further developed so that the exact period of delay occasioned by the arrangement detailed in the May 10, 1977 letter can be ascertained. In their affidavit in response to defendant's motion, the People stated that they were ready for trial at the time of defendant's arraignment in May, 1977, but such a conclusory allegation is patently insufficient

*(People v Hamilton,* 46 NY2d 932). Finally, it must be noted that the People's assertion that defendant was not prejudiced by the delay is irrelevant. While prejudice is a factor to be considered in conjunction with a defendant's right to a speedy trial under CPL 30.20 and section 12 of the Civil Rights Law (see *People v Dean,* 45 NY2d 651), the right guaranteed by CPL 30.30 is not dependent in any way on whether the defendant can demonstrate prejudice resulting from the delay *(People v Hamilton, supra).* Decision withheld, and matter remitted to the Ulster County Court for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.