■ In the Matter of JOHN MARMO, Petitioner, v DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Department of Environmental Conservation, dated January 10, 1985, which, after a hearing, determined that the petitioner violated certain provisions of the Environmental Conservation Law, directed him to undertake certain remedial measures and imposed a fine.

Adjudged that the petition is granted, the determination is annulled, without costs or disbursements, the charges are dismissed and the penalties are vacated.

The petitioner owns property bordering on wetlands in Bellmore in Nassau County. In January 1984, pursuant to the petitioner's application for permission to install a bulkhead, the respondent Department of Environmental Conservation (hereinafter the DEC) inspected his property. The DEC determined the adjoining wetlands had recently been dredged and

the resulting spoil deposited on the petitioner's property in violation of ECL 15-0505 and 25-0401. At a subsequent hearing DEC biologists testified that plant matter in the spoil indicated it came from the marsh. They also testified that scrapings in the soil tended to indicate it had occurred recently. The findings of the Administrative Law Judge that the petitioner had violated the Environmental Conservation Law were adopted by the DEC.

However, the determination is based upon inferences which are not supported by substantial evidence of the petitioner's guilt of dredging or dumping. The evidence does not tie the petitioner to any illegal act by anything other than speculation. The record shows that the Town of Hempstead had conducted dredging operations near the petitioner's property in 1977 and 1980, yet the DEC never reviewed the town's records concerning the dredging of the area, nor did it ever interview the residents of the area about any dredging activities. Furthermore, the petitioner testified at the hearing that when he purchased part of the property in 1982 and the remaining portion in 1983, there was "an awful lot of dirt * * * dumped on the property". He also introduced into evidence maps showing how the shoreline had eroded as a result of the town's dredging operations.

Accordingly, it cannot be said that the DEC's determination was supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 180-181). Kunzeman, J. P., Rubin, Spatt and Balletta, JJ., concur.