■ In the Matter of SUFFOLK COUNTY LEGISLATURE, Petitioner, v MICHAEL F. MULLEN et al., Respondents. [622 NYS2d 294] —Proceeding pursuant to CPLR article 78, *inter alia,* to (1) prohibit the enforcement of an order of the Supreme Court, Suffolk County (Mullen, J.), dated December 5, 1994, which appointed the respondent Joseph W. Ryan, Jr., as a Special District Attorney pursuant to County Law § 701 to investigate certain allegations relating to the leasing of vehicles by Suffolk County, (2) prohibit the respondent Joseph W. Ryan, Jr., from undertaking any duties pursuant to said appointment, and (3) seal any reports or documents generated by respondent Joseph W. Ryan, Jr., or by Nassau County District Attorney Denis Dillon in connection with their appointments as Special District Attorneys, and to direct them to return to their sources any original documents and other items obtained pursuant to their appointments and investigations.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

Initially, we reject the petitioner's argument that the respondent Joseph W. Ryan, Jr., should be prohibited from

carrying out his duties as Special District Attorney. The petitioner asserts that Ryan must be disqualified since he previously interviewed for the position of Special Counsel to the petitioner in connection with the petitioner's own investigation of the car leasing transactions.

It is well settled that relief in a CPLR article 78 proceeding in the nature of a writ of prohibition is available only where there is a clear legal right and only when the body or officer acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction (see, Matter of Dondi v Jones, 40 NY2d 8, 13; Matter of State of New York v King, 36 NY2d 59, 62). Further, such a proceeding "must be directed to some inferior judicial tribunal or officer and lies to prevent or control judicial or quasi-judicial action only, as distinguished from legislative, executive or ministerial action" (Matter of Forte v Supreme Ct., 48 NY2d 179, 183). In categorizing the functions of a public prosecutor, the Court of Appeals has held that a prosecutor's acts are to be regarded as "executive" in nature when, as here, a purely investigative function is involved, and consequently, such acts cannot legitimately be the object of a proceeding in the nature of a writ of prohibition (Matter of McGinley v Hynes, 51 NY2d 116, 123-124). Thus, to the extent that the instant petition seeks to prohibit the respondent Ryan from undertaking any duties pursuant to his appointment as Special District Attorney, we find that relief in the nature of prohibition does not lie.

Furthermore, we reject the petitioner's contention that the respondent Justice Michael F. Mullen exceeded his authority in issuing the December 5, 1994, order appointing a Special District Attorney pursuant to County Law § 701. It is undisputed that the respondent District Attorney James M. Catterson, Jr., established the disqualification requirement of the statute (see, County Law § 701), and we also find that all of the remaining elements required by the statute for the appointment of a Special District Attorney were established, including that the appointment be made in "a particular case" (County Law § 701 [1]). The petitioner's argument that County Law § 701 limits the appointment of a Special District Attorney to "an appropriate term of court" is without merit. County Law § 701 (4) provides that, "[w]here, however, an appointment is required under this section for a particular case * * * the appointment may be made for all purposes, including disposition" and may last beyond the adjournment

of the term at which made *(People v Leahy,* 72 NY2d 510, 514). Accordingly, we find no basis to prohibit the enforcement of the order appointing a Special District Attorney.

With respect to the petitioner's remaining contentions, we find that the relief sought is clearly not available in a CPLR article 78 proceeding in the nature of prohibition. Mangano, P. J., Sullivan, Balletta, Rosenblatt and Miller, JJ., concur.