■ In the Matter of ROBERT LIERE, Petitioner, v DENISE M. SHEEHAN, Respondent. [864 NYS2d 477]—

Proceeding pursuant to CPLR article 78 to review a determination of Denise M. Sheehan, Commissioner of the New York State Department of Environmental Conservation, dated April 17, 2006, which, inter alia, adopted the findings and conclusions of an Administrative Law Judge, made after a hearing, that the petitioner violated Environmental Conservation Law § 27-0707 (1), 6 NYCRR 360-1.5 (a); 360-4.2 (a) (3); 360-5.7 (b) (5), (6), (11), (c); 360-16.1 (a) and 360-16.4 (f) (3); (i) (2), and imposed a civil penalty in the sum of $142,500.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the charges are dismissed.

The petitioner owns and operates a 110-acre farm located within the Town of Brookhaven. In addition to growing certain crops, he accepts deliveries from landscapers of materials such as leaves, grass, trees, and dirt. He then uses those materials to produce mulch and top soil, which he sells to landscapers.

On October 13, 2003 employees of the New York State Department of Environmental Conservation (hereinafter the DEC) inspected the petitioner's farm. Based on the results of that inspection, the DEC commenced an administrative enforcement proceeding against the petitioner. In the administrative complaint, the DEC charged the petitioner with violations of certain provisions of ECL article 27, which gives the DEC the power to regulate "solid waste management facilities," as well ECL article 27's implementing regulations (6 NYCRR part 360).

A hearing was held before an Administrative Law Judge (hereinafter the ALJ). After the hearing, the ALJ issued a report in which he concluded that most of the charges had been established, and that the petitioner should be required, among other things, to pay a civil penalty in the sum of $142,500. The DEC's Commissioner (hereinafter the Commissioner) then issued a written determination adopting the ALJ's findings and conclusions. The petitioner then commenced the instant proceeding pursuant to CPLR article 78 to review the Commissioner's determination.

The ALJ found, inter alia, that the petitioner was receiving and processing "land clearing debris." Land clearing debris is defined by DEC regulation as "vegetative matter, soil and rock resulting from activities such as land clearing and grubbing, utility line maintenance or seasonal or storm-related cleanup such as trees, stumps, brush and leaves and including wood chips generated from these materials" (6 NYCRR 360-1.2 [b] [94]). As a DEC staff member explained at the hearing, a facil-

ity that only receives and processes land clearing debris is, pursuant to DEC regulation, exempt from the requirements of 6 NYCRR part 360 (*see* 6 NYCRR 360-16.1 [b]; *see also* 6 NYCRR 360-1.4 [a] [1]).

However, in support of his recommendation that the Commissioner determine that most of the charges were established, the ALJ found that the petitioner was also receiving and processing "yard waste." "Yard waste" is defined by DEC regulation as "leaves, grass clippings, garden debris, tree branches, limbs and other similar materials, such as aquatic weeds" (6 NYCRR 360-1.2 [b] [185]).

"[Y]ard waste which has been collected at the curbside" is specifically excluded from the definition of land clearing debris (6 NYCRR 360-1.2 [b] [94]). The logical inference to be drawn from this exclusion is that yard waste which has not been collected at the curbside is included within that definition (*cf. Rowell v Janvrin*, 151 NY 60, 67 [1896]).

At the hearing, the petitioner, whose testimony about what materials he received and processed was given "substantial weight" by the ALJ because it was not contradicted by the DEC, testified that he did not accept any yard waste from landscapers that had been collected at curbside. Thus, the evidence at the hearing clearly showed that the petitioner only received and processed land clearing debris. Accordingly, as the petitioner contended, his activities were exempt from DEC regulation (*see* 6 NYCRR 360-16.1 [b]).

Judicial review of an administrative determination made after a hearing required by law, and at which evidence is taken, is limited to whether that determination is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179 [1978]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Under the circumstances, it cannot be said that the Commissioner's determination is supported by substantial evidence. Accordingly, we annul that determination and dismiss the charges (*see Matter of Marmo v Department of Envtl. Conservation*, 150 AD2d 577, 578 [1989]). Fisher, J.P., Covello, Angiolillo and Balkin, JJ., concur.