■ In the Matter of ROBERT LIERE et al., Appellants, v ECO DALLAS BENGAL et al., Respondents. [880 NYS2d 560]—

In a proceeding pursuant to CPLR article 78 in the nature of prohibition, inter alia, in effect, to prohibit the respondents from telling the petitioners' customers that it is unlawful to purchase mulch or topsoil from the petitioners, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Whelan, J.), entered February 4, 2008, which, among other things, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

"[T]he writ of prohibition . . . does not issue as of right, but only in the sound discretion of the court" (*Matter of Rush v Mordue,* 68 NY2d 348, 354 [1986]; *see Matter of Vinluan v Doyle,* 60 AD3d 237 [2009]; *Matter of Cuomo v Hayes,* 54 AD3d 855, 857 [2008]). Furthermore, the writ will not lie where the party seeking it has access to another adequate legal remedy (*see Matter of Town of Huntington v New York State Div. of Human Rights,* 82 NY2d 783, 786 [1993]; *Matter of State of New York v King,* 36 NY2d 59, 62 [1975]; *Matter of Bediner v Firetog,* 31 AD3d 634, 635 [2006]).

Here, the Supreme Court providently exercised its discretion in denying the petition for a writ of prohibition. Among other things, the petitioners had at their disposal an adequate alternate remedy—which they in fact successfully pursued—in the form of a separate proceeding against the Commissioner of the Department of Environmental Conservation, pursuant to CPLR article 78, in the nature of certiorari (*see Matter of Liere v Sheehan,* 54 AD3d 862 [2008]).

The petitioners' remaining contentions are without merit. Rivera, J.P., Miller, Balkin and Austin, JJ., concur.