■ In the Matter of John Doe, Appellant, v Andrew M. Cuomo, Attorney General of the State of New York, Respondent. [895 NYS2d 833]—

In a proceeding pursuant to CPLR article 78 for a writ of prohibition enjoining the respondent from proceeding with an investigation in alleged violation of an immunity agreement, the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Weiner, J.), dated March 16, 2009, as granted that branch of the respondent's motion which was to dismiss the proceeding, and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The extraordinary remedy of prohibition may only be granted if the petitioner establishes a clear legal right to that relief (see Matter of Haggerty v Himelein, 89 NY2d 431, 435 [1997]; Matter of B. T. Prods. v Barr, 44 NY2d 226, 230 [1978]). The remedy is confined to judicial or quasi-judicial action rather than to legislative, executive, administrative, or ministerial acts (see Matter of Nicholson v State Commn. on Jud. Conduct, 50 NY2d 597, 606 [1980]; Matter of Dondi v Jones, 40 NY2d 8, 13 [1976]), and it is not available if an adequate alternative remedy exists (see Matter of Sheehan v Cooperman, 66 AD3d 913 [2009]; Matter of Liere v ECO Dallas Bengal, 63 AD3d 1067 [2009]).

Here, the respondent is performing a purely investigative function and, therefore, is acting in an executive rather than a quasi-judicial capacity; thus, prohibition does not lie under the circumstances (see Matter of McGinley v Hynes, 51 NY2d 116, 123-124, 126 [1980], cert denied 450 US 918 [1981]; Matter of Suffolk County Legislature v Mullen, 211 AD2d 736, 737 [1995]; State of New York v Wolowitz, 96 AD2d 47, 58 [1983]). Moreover, the existence of adequate alternative legal remedies precludes the relief requested (see e.g. Matter of Town of Huntington v New York State Div. of Human Rights, 82 NY2d 783, 786 [1993]; Matter of City of Newburgh v Public Empl. Relations Bd. of State of N.Y., 63 NY2d 793, 795 [1984]; Matter of McGinley v Hynes, 51 NY2d 116, 126 [1980]; Carlisle v Bennett, 268 NY 212, 218 [1935]). Mastro, J.P., Leventhal, Lott and Austin, JJ., concur. [Prior Case History: 23 Misc 3d 1109(A), 2009 NY Slip Op 50642(U).]