OPINION OF THE COURT
William C. Donnino, J.
The District Attorney has applied for the appointment of a special district attorney pursuant to County Law § 701. Given the asserted grounds for that application, the court does not have the authority under that statute to appoint a special district attorney. Accordingly, the application must be denied. The authority to supersede a district attorney on the grounds set forth in this application rests with the Governor.
Background
On February 22, 2011, the District Attorney, by her Chief Assistant District Attorney, made a written application for the appointment of a special district attorney. On the following day, a supplemental written application, consisting of the original application plus an added paragraph, was submitted, followed by a proceeding in court on the record with representatives of the District Attorney.
The written papers alleged the following:
“On December 3, 2010, the Nassau County Police Department’s Crime Laboratory was put on probation after an audit of its practices and procedures. Since that time, errors in analysis of some evidence have been uncovered. On February 10, 2011, District Attorney Kathleen M. Rice asked for the closing of the drug chemistry section of the Nassau County *840 Police Crime Laboratory. Subsequently on February 17, 2011, Dr. Pasquale Buffolino, the newly appointed director of the Nassau County Police Crime Laboratory, operating under the authority of the office of the Nassau County Medical Examiner, learned that police supervisory staff had prior knowledge of laboratory errors. A preliminary investigation has revealed that errors in evidence analysis by the lab [were] first discovered in September 2010, but that neither lab director . . . nor any other lab employee reported the errors to any entity outside the police Department until December 2010. On February 18, 2011, the District Attorney asked for the closing of the entire Nassau County Police Crime Laboratory.”
Thereafter, the written papers set forth the reasons for the application as follows:
“The Nassau County District Attorney works closely with the Nassau County Police Department and, up until the closure of the laboratory, relied on its examination of evidence to prosecute criminal cases. In light of this relationship and the effect this investigation, and any potential prosecution that flows from it may have on those cases a demonstrated conflict of interest will exist if the Nassau County District Attorney investigates and prosecutes cases involving the performance and management of the Nassau County Police Crime Laboratory-”
In the supplemental writing, the District Attorney added that the investigation may also extend to “errors or omissions in the practices and procedures of the [state] office of Forensic Services and/or the oversight of the New York State Commission of Forensic Science.”[1]
There is no suggestion in the written application, the supplemental application, or in the court proceeding that a member or members of the District Attorney’s Office may be a subject of the investigation involving the police laboratory. Indeed, in the proceeding in court, in response to the court’s question whether there is “any reason to believe that any *841 misconduct related to the laboratory relates to any personnel in the District Attorney’s Office,” a representative of the District Attorney said: “No, Your Honor, there is no reason to believe that anybody in the District Attorney’s office is involved in any misconduct. . .
The Law
The pertinent portion of County Law § 701 reads as follows:
“1. Whenever the district attorney of any county and such assistants as he or she may have . . . are disqualified from acting in a particular case to discharge his or her duties at a term of any court, a superior criminal court in the county wherein the action is triable may, by order:
“(a) appoint some attorney at law having an office in or residing in the county, or any adjoining county, to act as special district attorney ... or
“(b) appoint a district attorney of any other county within the judicial department or of any county adjoining the county wherein the action is triable to act as special district attorney, provided such district attorney agrees to accept appointment . . . .”
The appointment of a Special District Attorney in derogation of those statutory requirements would void any resulting investigation or prosecution.
Discussion
A key statutory requirement for the appointment of a special district attorney is that the elected county District Attorney be “disqualified from acting in a particular case.” Assuming arguendo for the moment that this application presents a “particular case” within the legal meaning of that term, the District Attorney is not here disqualified, as required by the statute, because she is called upon to investigate and perhaps prosecute police officers, and at the same time to utilize such information as is obtained during that investigation to fulfill her legal and ethical obligations to fairly resolve any prosecutions had or pending.
While there are different public opinions on the efficacy and effectiveness of a district attorney in the investigation and prosecution of police officers, in law, that is the District Attorney’s duty and obligation. The claim in the application that neither the Nassau County District Attorney nor any other *842 district attorney can investigate police officials and employees connected to the Nassau County Police Department laboratory, “in light of their strong ties with law enforcement,” is simply not correct. A district attorney is accountable to the people, and is charged by the oath of office with a quasi-judicial responsibility of fairly investigating and prosecuting those believed to have committed a crime, whether police officers or others, and is expected to fulfill that oath, without fear or favor, and in accordance with the ethical codes governing lawyers and prosecutors. A district attorney is not disqualified simply because the object of an investigation or prosecution is a police officer. District attorneys have and do investigate and prosecute police officers and at the same time fulfill their ethical duties to disclose any impropriety which affects a prosecution and to otherwise fairly resolve a prosecution. That the District Attorney in good faith relied on the evidence produced by the police laboratory does not now bar her from investigating the allegations of improper conduct in the work of the laboratory, prosecuting if warranted anyone subject to criminal liability for such conduct, and moving to exonerate anyone wrongly prosecuted. Indeed, exoneration of those wrongly prosecuted, particularly those who have an affected pending case, may be more timely if the prosecutor responsible for investigating and collecting the information about those cases is the same prosecutor responsible for resolving the case.
Moreover, a judicial appointment of a special district attorney premised on the disqualification of a district attorney is ordinarily solely “to protect a defendant” from “actual prejudice or so substantial a risk thereof as could not be ignored.” (Matter of Schumer v Holtzman, 60 NY2d 46, 55 [1983].) No such showing is evident here.
Aside from the absence of any basis to disqualify the District Attorney, there are other reasons why a court is not here authorized under the applicable statute to appoint a special district attorney.
The Court of Appeals has indicated that there is a difference between a special prosecutor appointed by a court pursuant to County Law § 701 and one appointed by the Governor pursuant Executive Law § 63 (2), noting in particular that a district attorney “is a constitutional officer chosen by the electorate and [his or her] removal by a court [unlike removal by the Governor] implicates separation of powers considerations.” (60 NY2d at 55.)
*843 The corollary of that principle is that a complete superseder of the constitutional powers of the District Attorney to investigate and prosecute a broad area of purported misconduct is reserved to the Governor. Thus, for example, in Matter of Board of Supervisors of Montgomery County v Aulisi (62 AD2d 644, 648 [3d Dept 1978], affd on op below 46 NY2d 731 [1978]), the District Attorney applied for the appointment of a special district attorney to investigate illegal gambling and official misconduct in a city within the county of his jurisdiction. The basis for the application was a report of the Temporary Commission of Investigation which found that illegal gambling was widespread in the city and that the District Attorney had not prosecuted such crimes and was not competent to do so. Although the Supreme Court granted the application for a special district attorney, the Appellate Division and the Court of Appeals voided the appointment on the grounds that County Law § 701 did not authorize the appointment, and that if a superseder of the District Attorney were appropriate, the Constitution and laws of New York placed that power in the hands of the Governor.
Here, as in Aulisi, the District Attorney is seeking to be superseded with respect to a broad area of her jurisdiction, the investigation of the Nassau County Police Department, its laboratory personnel and other police personnel, as well as, she indicates in her written supplemental application, “errors or omissions in the practices and procedures of the [state] office of Forensic Services and/or the oversight of the New York State Commission of Forensic Science.” Thus, the District Attorney’s application anticipates an open-ended investigation relative to the police laboratory and its supervisors and potentially extending beyond the Nassau County Police Department to state agencies. Under Aulisi, that is well beyond the scope of the County Law’s authorization for a special district attorney.
Further, in the “particular case” contemplated by the County Law, a special district attorney may apply to the court for an order expanding the scope of his or her authority to add an additional individual to an investigation. (See People v Leahy, 72 NY2d 510 [1988] [Special District Attorney initially authorized to prosecute five people required to apply to court to add a sixth].) But in the open-ended investigation envisioned by the District Attorney in this application, any special district attorney would undoubtably be required to return to the court repeatedly as new targets, or even entirely new areas of the *844 investigation were developed. This would amount to judicial supervision of an investigation and of the exercise of prosecutorial discretion — traditional executive branch functions. No such separation-of-powers problems would be raised by an investigation conducted by a special prosecutor appointed by the Governor.[2]
The Constitution and statutes of New York have vested with the Governor the power to supersede a district attorney, in whole or part, by the appointment of the Attorney General to investigate and prosecute the matter or matters set forth in the Governor’s superseder.[3] (Executive Law § 63 [2].) The Governor’s authority to do so is generally left to his sound discretion; he is not, for example, required, as this court is, to make any finding that a district attorney is disqualified. (See Matter of Johnson v Pataki, 91 NY2d 214 [1997].) Alternatively, whenever, in the judgment of the Attorney General, “the public interest requires it, the attorney-general may, with the approval of the governor, and when directed by the governor, shall, inquire into matters concerning the public peace, public safety and public justice.” (Executive Law § 63 [8].) The exercise of investigative authority under this statute would be concurrent to the authority of the District Attorney of Nassau County. Thus, if a special prosecutor or investigator is warranted, the Attorney General appointed by the Governor is what the law of New York authorizes in a case such as this.
Furthermore, the subject of this application portends to be an investigation which will require substantial resources in terms of experienced prosecutors, forensic experts and others for which a public prosecutor, and not a lawyer in private practice, is best qualified to commence immediately and conduct to its just conclusion. In addition to the experience and immediate availability of the resources necessary to conduct such an *845 investigation, a public prosecutor is a person most directly accountable to the people for his or her fair investigation and prosecution, if necessary, of those who may be liable for misconduct.
While this court is thus constrained by the statutory law of New York to deny this application, a thorough and immediate investigation by a prosecutor appears necessary, and every effort must be made to guarantee that no person is presently in jail or being prosecuted because of any failures, criminal or negligent, by the laboratory, its supervisors, or others.

. There have been unsolicited attempts to file amicus papers. The instant application is an authorized ex parte application by the District Attorney, and the court has decided not to accept the unsolicited submissions and, accordingly, has not read them.

. And, given that pending and past prosecutions based on evidence obtained from the laboratory are implicated in the investigation of the laboratory, the scope of the special prosecutor’s responsibility may ultimately have to extend to such cases. Certainly the prosecutor responsible for the affected pending cases will need access to the information acquired by the special prosecutor, while the special prosecutor will need to be advised of the affected pending cases, and the resolution of each prosecutor’s separate goals may well create issues resolvable only by placing the responsibility for the investigation and the pending affected cases in the hands of one prosecutor.

. The District Attorney’s claim that the Attorney General may have a disqualifying conflict if the investigation extends to a state office is premature and is, in any event, traditionally resolved by the Attorney General authorizing the hiring of separate counsel.