◼ In the Matter of BRIAN H. DENKER-YOUNGS, Petitioner, v RICHARD VELASQUEZ et al., Respondents. [36 NYS3d 397]— Proceeding pursuant to CPLR article 78, inter alia, in effect, in the nature of mandamus to compel the respondents Richard Velasquez and Francois A. Rivera, Justices of the Supreme Court, Kings County, to sanction certain parties in an action entitled *Denker-Youngs v Denker-Youngs*, pending in the Supreme Court, Kings County, under index No. 511259/15, or, in the alternative, in the nature of prohibition to prohibit any further proceedings in that action, and application by the petitioner for poor person relief.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied as academic; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). The petitioner failed to demonstrate a clear legal right to the relief sought. Dillon, J.P., Hinds-Radix, Connolly and Brathwaite Nelson, JJ., concur.