In the Matter of RAISER & KENNIFF, P.C., et al., Appellants, v NASSAU COUNTY SHERIFF'S DEPARTMENT et al., Respondents. [52 NYS3d 472]——

In a proceeding, inter alia, pursuant to CPLR article 78 in the nature of prohibition to prohibit the Nassau County District Attorney's Office from ordering recordings of conversations of inmates housed at the Nassau County Correctional Facility without a subpoena issued upon notice to defense counsel, and mandamus to compel the Nassau County Sheriff's Department and Michael J. Sposato, the Sheriff of Nassau County, to deliver such recordings only after receiving a properly issued subpoena and sending the recordings and a list of all calls made by inmates to a court or grand jury for review, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Bruno, J.), dated March 30, 2015, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

" '[A] petitioner seeking a writ of prohibition must demonstrate that: (1) a body or officer is acting in a judicial or quasi-judicial capacity, (2) that body or officer is proceeding or threatening to proceed in excess of its jurisdiction and (3) petitioner has a clear legal right to the relief requested' " (*Matter of Rachelle v Rice*, 112 AD3d 942, 942 [2013], quoting *Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 361-362 [2008]). "The remedy is confined to judicial or quasi-judicial action rather than to legislative, executive, administrative, or ministerial acts" (*Matter of Doe v Cuomo*, 71 AD3d 889, 889 [2010]). Here, the petitioners failed to demonstrate that the conduct sought to be prohibited pertained solely to quasi-judicial action, as opposed to an investigative function performed in an executive capacity; thus, prohibition does not lie under the circumstances (*see Matter of McGinley v Hynes*, 51 NY2d 116, 123-124 [1980]; *Matter of Doe v Cuomo*, 71 AD3d 889 [2010]).

Further, "[t]he extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought" (*Matter of Sullivan v Morgenstern*, 127 AD3d 980, 980 [2015]). Under the circumstances of this case, the petitioners failed to demonstrate a clear legal right to the relief sought.

In light of our determination, we need not reach the parties' remaining contentions.

Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Roman, J.P., Cohen, LaSalle and Barros, JJ., concur.