OPINION OF THE COURT
Richard L. Mott, J.
Respondents in this combined CPLR article 78 proceeding and action for declaratory judgment move for summary judgment on the first cause of action[1] and for dismissal of the second cause of action, pursuant to CPLR 7804 (f) and 7806. Petitioner, District Attorney of Rensselaer County, opposes.
Background
In July 2015 respondent New York State Governor Andrew M. Cuomo issued Executive Order (Cuomo) No. 147 (9 NYCRR *670 8.147) (hereinafter EO 147) authorizing respondent Eric Schneiderman, New York State Attorney General (hereinafter AG), to act as a Special Prosecutor in “matters involving the death of an unarmed civilian, whether in custody or not, caused by a law enforcement officer” and “where, in his [the AG’s] opinion, there is a significant question as to whether the civilian was armed and dangerous at the time of his or her death.” EO 147 states that “recent incidents involving the deaths of unarmed civilians . . . have challenged the public’s confidence and trust in our system of criminal justice,” and cites public concerns raised that “such incidents cannot be prosecuted at the local level without conflict or bias, or the public perception of conflict or bias.”
EO 147 was later supplemented by AG’s Designation No. 1, dated July 2015 (hereinafter Designation), which followed discussions at a conference of the District Attorney’s Association of the State of New York. It establishes a protocol “to ensure best practices in the collection and preservation of evidence in the initial hours following an incident,” by designating local district attorneys
“to exercise such powers and perform such duties in [their] county of jurisdiction as [they] deem appropriate under the circumstances until . . . [they] are directed otherwise in writing by the Special Prosecutor. This includes, but is not limited to, questioning witnesses, drafting search warrants, preserving evidence and supporting the investigation of the incident, but does not include, without prior authorization from the Special Prosecutor or his designee, conferring immunity on any witness, eliciting witness testimony in grand jury proceedings, or entering plea or cooperation agreements”
On April 17, 2016 Edson Thevenin was shot and killed by a police officer following an altercation after Thevenin fled from a traffic stop. On April 19, 2016, the AG wrote petitioner requesting certain evidence and information “to ascertain whether . . . jurisdiction over this matter properly lies with your office or the OAG.”[2]
On April 21, 2016, petitioner responded in a letter, sent by regular mail, that he had been informed, following conversations with Assistant Attorney General Paul Clyne, that the OAG would not claim jurisdiction over the Thevenin matter, *671 but would, continue its assessment of the facts. Petitioner outlined his case analysis, stating his conclusion that the incident was not subject to AG jurisdiction because Thevenin used his vehicle as a dangerous instrument to threaten the shooting officer. In addition, while petitioner stated that he recognized that the AG wanted to pursue its investigation and that it was within his discretion to do so, he reiterated his conclusion that EO 147 does not apply and stated his intent to continue exercising jurisdiction.
On April 22, 2016, petitioner presented the case of Thev-enin’s death to a grand jury which voted a no true bill. On April 27, 2016, the AG commenced an article 78 proceeding seeking to prohibit petitioner from continuing to purport to exercise jurisdiction and compelling the production of investigative materials. The proceeding was resolved by a stipulation of settlement and discontinuance, dated May 9, 2016, wherein petitioner agreed to transfer his case file and cease his investigation and prosecution.
On April 29, 2016, Cuomo issued Executive Order (Cuomo) No. 147.4 (9 NYCRR 8.147.4), specifically naming the AG as Special Prosecutor regarding unlawful acts or omissions or allegations thereof “by any law enforcement officer” related in any way to Thevenin’s death. On February 1, 2017, citing significant concerns raised regarding the investigation into Thev-enin’s death, Cuomo issued Executive Order (Cuomo) No. 163 (9 NYCRR 8.163) (hereinafter EO 163) requiring the AG to investigate and, if warranted, prosecute: “unlawful acts or omissions or alleged unlawful acts or omissions by any person ... in any way connected with [Thevenin’s death] and its subsequent investigation, including its grand jury presentation.”
Upon that authority, the AG obtained a search warrant for petitioner’s mobile phone based upon its investigation of potential obstruction of governmental administration or official misconduct. No charges have been brought against petitioner thus far.
The Petition
The first cause of action seeks a declaration that EO 147, insofar as it permits the Special Prosecutor to act where, “in his opinion, there is a significant question as to whether the civilian was armed and dangerous at the time of his or her death,” is unconstitutionally vague and impermissibly delegates *672 the determination whether to supersede to the AG. It further seeks a declaration that EO 147 is preempted by state law and illegal, insofar as it disqualifies all district attorneys from acting in an entire class of cases based only upon a perceived conflict of interest, contrary to the legislative scheme for disqualifying district attorneys, thereby violating the separation of powers doctrine.
The second cause of action seeks a writ prohibiting the AG from pursuing the investigation against petitioner on authority of EO 163 due to a conflict of interest, pursuant to County Law §701.
First Cause of Action
Parties’ Contentions
Respondents claim that Executive Law § 63 (2)’s grant of discretionary authority to the Governor to supersede a district attorney is unreviewable unless there is clear violation of a constitutional mandate, which is lacking here. Further, they maintain that EO 147 is rationally based and not subject to a vagueness analysis because it does not define a substantive crime.
Petitioner claims that EO 147 violates the separation of powers doctrine because the legislature has already determined that a disqualifying conflict of interest must be proved on a case by case basis and EO 147 violates same when it disqualifies all district attorneys merely upon a perceived conflict of interest. Further, he insists that such perceived conflict is not a rational basis for supersession. Finally, he insists that EO 147⅛ deferral to the AG’s opinion to determine whether he has jurisdiction renders it unconstitutionally vague because it is insufficient to apprise district attorneys of when jurisdiction will lie with the AG under EO 147.
Discussion
Summary Judgment
To prevail on a motion for summary judgment, the moving party must establish entitlement to judgment as a matter of law by adducing sufficient competent evidence to show that there are no issues of material fact. (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986].) “Only when the movant bears this burden and the nonmoving party fails to demonstrate the existence of any material issue of fact will the motion be properly granted.” (Staunton v Brooks, 129 AD3d 1371, 1372 [3d Dept *673 2015], citing Lacasse v Sorbello, 121 AD3d 1241, 1241-1242 [3d Dept 2014].)
Superseder Authority
Executive Law § 63 (2) authorizes the Governor to supersede the powers of local district attorneys. It provides that, whenever required by the Governor, the Attorney General
“[shall] attend . . . any term of the supreme court or appear before the grand jury thereof for the purpose of managing and conducting . . . criminal actions or proceedings as shall be specified in such requirement; in which case the attorney-general . . . shall exercise all the powers and perform all the duties . . . which the district attorney would otherwise be authorized or required to exercise or perform; and in any . . . such actions or proceedings the district attorney shall only exercise such powers and perform such duties as are required of him [or her] by the attorney-general” (Executive Law § 63 [2] [emphasis added]).
This express grant of authority is derived from the Governor’s constitutional duty to “take care that the laws are faithfully executed.” (NY Const, art IV, § 3 [powers and duties of governor]; Matter of Additional Jan. 1979 Grand Jury of Albany Supreme Ct. v Doe, 50 NY2d 14, 16 [1980].) The statute “neither limits the Governor’s authority to supersede nor requires the Governor to explain that choice” and “ [consistent with that authority, Governors have numerous times invoked the superseder power.” (Matter of Johnson v Pataki, 91 NY2d 214, 224 [1997].) Indeed, district attorneys do not have exclusive authority to prosecute at the local level. (Id.; Matter of Dondi v Jones, 40 NY2d 8, 19 [1976]; Executive Law § 63 [2].)
Thus, the authority to supersede is within the Governor’s sound discretion (Matter of Rice, 31 Misc 3d 838 [Sup Ct, Nassau County 2011]; Matter of Johnson v Pataki, 91 NY2d 214 [1997]), and judicial review “is limited to determining whether the New York Constitution or Legislature has empowered the Governor to act.” (In re AJ Contr. Co., Inc., 300 BR 182, 199 [SD NY 2003]; People ex rel. Saranac Land & Timber Co. v Extraordinary Special & Trial Term of Supreme Ct., 220 NY 487, 487-488 [1917] [Governor’s exercise of discretionary powers granted by a statute consistent with the State Constitution is not reviewable by the courts]; cf. Rapp v Carey, 44 NY2d *674 157, 160 [1978] [neither Constitution nor statutes grant express or implied authority for the Governor to require state employees to file detailed personal financial statements and abstain from political and business activities].)
Petitioner’s invocation of County Law § 701, which authorizes courts to disqualify a district attorney, is inapposite because it refers to superior criminal courts presiding in a criminal matter and does not address the Governor’s superseder authority. (County Law § 701 [1] [whenever a county district attorney does not appear or is disqualified from acting, a superior criminal court wherein the action is triable may order the appointment of a special district attorney]; see e.g. Matter of Soares v Herrick, 20 NY3d 139, 140 [2012] [courts generally should only remove a prosecutor to protect a defendant from actual prejudice from a demonstrated conflict of interest]; Matter of Schumer v Holtzman, 60 NY2d 46, 50 [1983]; Matter of Rice, 31 Misc 3d 838 [2011] [judicial appointment of a special district attorney where district attorney disqualified].) Finally, petitioner’s insistence that EO 147 is unauthorized because it establishes a policy that conflicts with the existing legislative scheme for disqualifying local district attorneys contradicts the holding that supersession is a discretionary authority which does not depend upon the existence of a conflict of interest. (Matter of Johnson v Pataki, 91 NY2d 214 [1997].)
In Mulroy v Carey (58 AD2d 207, 215 [4th Dept 1977], affd 43 NY2d 819 [1977]) it was held that there was no basis to review the Governor’s exercise of his superseder authority, referencing the “settled policy of the courts not to review the exercise of discretion by public officials in the enforcement of State statutes, in the absence of a clear violation of some constitutional mandate” (citing Gaynor v Rockefeller, 15 NY2d 120, 131 [1965]). In so doing, Mulroy also acknowledged that a special prosecutor acting under an order of supersession would be subject to the same court supervision as a district attorney in any criminal proceeding.
Here, EO 147 falls within the scope of Executive Law § 63 (2)’s grant of superseder power and is rationally based. By expressing Cuomo’s executive judgment that there is a threat to the faithful execution of the laws in cases involving deaths of civilians caused by agents of law enforcement EO 147 satisfies the specificity requirement. (Executive Law § 63 [2]; see also Matter of Johnson v Pataki, 91 NY2d 214 [1997].)
Further, the July 2015 Designation provides an appropriate method for a preliminary assessment of whether superseder is *675 excluded under EO 147 because no significant question exists as to whether the deceased was armed at the time of their death. EO 147 confers the responsibility for this determination upon the AG, which necessarily involves mixed questions of law and fact. Indeed, interpreting EO 147 to require that the district attorney make that initial determination would undermine the very concern that prompted supersession. (See People v Weiner, 63 AD2d 722 [2d Dept 1978] [bribery of police officers was involved placing the case under state special prosecutor’s jurisdiction and requiring the district attorney to obtain the former’s authorization before presenting the case to a grand jury].) Accordingly, the court finds that the July 2015 Designation permitting the AG, as Special Prosecutor, to require a district attorney to conduct some investigative activities and refrain from others is consistent with EO 147’s legal mandate. (Matter of Additional Jan. 1979 Grand Jury of Albany Supreme Ct. v Doe, 50 NY2d 14, 18 [1980] [a governor’s authority and that of the special prosecutor designated by him extend only to those matters set forth in the Governor’s order] .)
Contrary to petitioner’s contention, the application of the supersession authority to all district attorneys in matters otherwise specifically described does not render Cuomo’s requirement irrational. Indeed, supersession has been upheld even where it applies to more than one district attorney or states only a general description of the activity to be investigated and prosecuted. (See e.g. 9 NYCRR 1.55-1.59 [superseder regarding any and all corrupt acts and omissions by a public servant or former public servants occurring heretofore or hereafter in the County of New York in violation of any provision of state or local law and arising out of, relating to or in any way connected with the enforcement of law or administration of criminal justice]; Matter of Mann Judd Landau v Hynes, 49 NY2d 128, 135 [1979] [the courts of this state have uniformly construed Executive Law § 63 (2) as bestowing upon the Attorney General the broadest of powers].)
Second Cause of Action
Parties’ Contentions
Respondents contend that prohibition is unsubstantiated because the AG acts legitimately on authority of EO 163 and petitioner has no clear right to relief. Further, they insist that the AG cannot be disqualified where Clyne, even if he were a *676 necessary witness, has been precluded by the AG from prosecuting in this case. Finally, they contend that any claimed errors can be addressed in a criminal proceeding, should charges be brought, in default of which the application is premature.
Petitioner contends that the AG’s office is disqualified from prosecuting him due to the ethical rule prohibiting an attorney from acting as an advocate at a trial in which s/he is likely to be a necessary witness. He cites that Clyne is a key witness as to whether the AG clearly communicated his intent to assume jurisdiction prior to petitioner’s grand jury presentation.[3] Consequently, he seeks a writ of prohibition precluding the AG from prosecuting him under EO 163, and requests that this court name a special prosecutor, pursuant to County Law § 701.
Prohibition
The extraordinary and discretionary remedy of prohibition may be maintained solely to prevent or control a body or officer acting in a judicial or quasi-judicial capacity from proceeding or threatening to proceed without or beyond their jurisdiction. (Matter of Schumer v Holtzman, 60 NY2d 46, 51 [1983]; Matter of Dondi v Jones, 40 NY2d 8 [1976].) This remedy should not be granted if there is an adequate remedy on appeal, at law or in equity. (Matter of Schmitt v Skovira, 53 AD3d 918 [3d Dept 2008].)
Recusal of a prosecutor in a specific action requires a significant showing that the prosecutor’s prior investigative or prosecutorial conduct will be a material issue at trial. (People v Paperno, 54 NY2d 294, 296 [1981].) Further, the ethical rule barring an attorney from acting as a witness and advocate in the same case does not create a conflict of interest disqualifying all attorneys in a public prosecutor’s office merely because one of them will testify. (People v Freeman, 172 AD2d 1045 [4th Dept 1991]; see also People v Shoga, 89 AD3d 1225, 1231 [3d Dept 2011] [disqualification denied where ADA did not prosecute or testify at trial and defendant failed to show a substantial likelihood of prejudice from the ADA’s participation in pretrial proceedings].) Thus, an entire public prosecutor’s office should only be removed to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence. (Schumer v *677 Holtzman, 60 NY2d at 55 [disqualification of public prosecutor not required by claimed appearance of impropriety].)
Here, petitioner has failed to establish entitlement to prohibition because there is no pending prosecution and the AG has stated Clyne will not prosecute. Further, because the AG is performing a purely investigative function and therefore, acting in an executive rather than a quasi-judicial capacity, prohibition does not lie. (Matter of Doe v Cuomo, 71 AD3d 889 [2d Dept 2010] [investigation of an alleged violation of an immunity agreement]; Matter of McGinley v Hynes, 51 NY2d 116, 125 [1980] [no quasi-judicial activity was involved even though the matter had been brought to the grand jury, since they also possess investigative as well as accusatory functions]; cf. Matter of Dondi v Jones, 40 NY2d 8, 14 [1976] [a court may consider prohibition to further prompt settlement of an important jurisdictional question so that a multiplicity of void proceedings will be prevented].) Moreover, petitioner has an alternative remedy by challenging the AG’s qualification to act before the presiding court in the event criminal charges are levied. (See e.g. People v Paperno, 54 NY2d at 296.)
Accordingly, the motion is granted and the petition is dismissed. Any remaining contentions have been rendered academic by this determination.

. The petition titles the causes of action as counts one and two.

. Office of the Attorney General.

. Petitioner anticipates a potential prosecution for official misconduct (Penal Law § 195.00) or obstruction of governmental administration (Penal Law § 195.05) for having presented the Thevenin matter to the grand jury in violation of EO 147 and the Designation.