Matter of Crescent Group Realty, Inc. v Kennedy (2019 NY Slip Op 06768)





Matter of Crescent Group Realty, Inc. v Kennedy


2019 NY Slip Op 06768


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-03842
 (Index No. 2777/17)

[*1]In the Matter of Crescent Group Realty, Inc., etc., appellant,
v
John M. Kennedy, Jr., etc., respondent.


Cartier, Bernstein, Auerbach & Steinberg, P.C., Patchogue, NY (Kenneth A. Auerbach and Peter C. Kaiteris of counsel), for appellant.
Dennis M. Brown, County Attorney, Hauppauge, NY (Daniel E. Furshpan of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent, John M. Kennedy, Jr., as Suffolk County Comptroller, inter alia, to negotiate and enter into an installment payment agreement for the payment of delinquent taxes owed for the subject property, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated January 29, 2018. The order and judgment granted the respondent's motion pursuant to CPLR 3211(a) to dismiss the petition, and dismissed the petition.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to compel the respondent John M. Kennedy, Jr., as Suffolk County Comptroller (hereinafter the Comptroller), to "negotiate and enter into an installment payment agreement for the payment of delinquent taxes owed on the [subject] property." In its petition, the petitioner asserted that, pursuant to the Suffolk County Tax Act (hereinafter SCTA), the Comptroller "ha[d] no authority to refuse to enter into a payment schedule" for the delinquent taxes.
The Comptroller moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the petition. The Comptroller argued that the petition must be dismissed as the petitioner could not demonstrate that it had a clear legal right to an installment payment plan pursuant to SCTA § 47-a. Further, even if the petitioner met the criteria set forth in the statute, the Comptroller maintained that an application for such relief would be untimely. The Supreme Court granted the Comptroller's motion to dismiss the petition, and dismissed the petition. The petitioner appeals.
Here, the petitioner seeks relief in the nature of mandamus. " The extraordinary remedy of mandamus is available in limited circumstances only to compel the performance of a purely ministerial act which does not involve the exercise of official discretion or judgment, and only when a clear legal right to the relief has been demonstrated'" (Matter of Gonzalez v Village of Port Chester, 109 AD3d 614, 615, quoting Matter of Rose Woods, LLC v Weisman, 85 AD3d 801, 802; [*2]see CPLR 7803[1]; Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16; Matter of Raiser & Kenniff, P.C. v Nassau County Sheriff's Dept., 149 AD3d 1084, 1085).
Pursuant to SCTA § 47-a(2), an "eligible owner may enter into an agreement with the county [Comptroller] to pay eligible delinquent taxes in installments, as provided in this section, . . . no later than three months prior to the last date on which the property may be redeemed pursuant to section forty-nine of this act . . . The burden of proof of eligibility for the provisions of this section shall be on the applicant." The term "eligible owner" is defined as "an owner of small business property who occupies such property for such purposes" (SCTA § 47-a[1][b]; see generally Suffolk County Local Law 26-2015).
In opposition to the Comptroller's motion, the petitioner conceded that the subject property was "unbuildable, unmortgageable and uninhabitable." There is no dispute that the petitioner has never occupied the subject property. Therefore, the petitioner is not an "eligible owner," entitled to relief pursuant to SCTA § 47-a. Accordingly, we agree with the Supreme Court's determination granting the Comptroller's motion to dismiss the petition.
In light of our determination, the petitioner's remaining contentions need not be reached.
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court