Matter of Wyche v Haywood-Diaz (2022 NY Slip Op 03733)

Matter of Wyche v Haywood-Diaz

2022 NY Slip Op 03733

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-04130 
2019-10332
 (Index No. 519060/18)

[*1]In the Matter of Deitra Wyche, et al., respondents,
v
Tashon Haywood-Diaz, et al., appellants.

Ira Daniel Tokayer, New York, NY (Cohen Tauber Spievack & Wagner P.C. [Stephen Wagner], of counsel), for appellants.
Angelyn Johnson, Brooklyn, NY (Alter & Barbaro, Brooklyn, NY [Bernard M. Alter], of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 in the nature of prohibition, to prohibit Tashon Haywood-Diaz, Lettie Edgerton, and Phyllis Murdaugh from, inter alia, accessing certain bank accounts, and mandamus to compel those parties to turn over certain corporate books, records, and documents, Tashon Haywood-Diaz, Lettie Edgerton, and Phyllis Murdaugh appeal from (1) a judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated January 31, 2019, and (2) an order of the same court dated July 17, 2019. The judgment, in effect, granted the petition and, sua sponte, declared that all actions taken by Tashon Haywood-Diaz, Lettie Edgerton, and Phyllis Murdaugh as officers of 78-88 Brooklyn Avenue/1378-84 Pacific Street Housing Development Fund Corporation were void ab initio and that an individual hired by those parties as a building superintendent was terminated from his position. The order denied the motion of Tashon Haywood-Diaz, Lettie Edgerton, and Phyllis Murdaugh for leave to renew their opposition to the petition or, in the alternative, pursuant to CPLR 5015(a) to vacate the judgment.
ORDERED that the judgment is reversed, on the law, the petition is denied, and the proceeding is dismissed; and it is further,
ORDERED that the appeal from the order dated July 17, 2019, is dismissed as academic in light of our determination of the appeal from the judgment; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The appellants and the petitioners are shareholders of 78-88 Brooklyn Avenue/1378-84 Pacific Street Housing Development Fund Corporation (hereinafter HDFC), a cooperative housing corporation administered by a board of directors (hereinafter the Board). Beginning on January 18, 2018, HDFC was administered by the appellants as Board members.
In September 2018, the petitioners commenced this proceeding pursuant to CPLR article 78, alleging that the appellants had not been duly elected as Board members but, rather, were illegally appointed as such, and that they had engaged in certain malfeasance in their purported [*2]capacity as Board members. The petitioners further asserted that a special shareholders' meeting was held on August 21, 2018, at which they were duly elected to the Board, but that the appellants had nonetheless refused to turn over the corporate books, records, and documents to the petitioners. The petitioners sought a writ of prohibition, prohibiting the appellants from accessing HDFC's bank accounts, collecting rent, or exercising any control over HDFC. They also sought a writ of mandamus to compel the appellants to turn over the corporate books, records, and documents. In a judgment dated January 31, 2019, the Supreme Court, in effect, granted the petition, and, sua sponte, declared that all actions taken by the appellants as Board members were void ab initio and that the individual hired by the appellants as a building superintendent was terminated from his position.
Initially, the petitioners' contention that the appeal from the judgment is academic is based on evidence dehors the record and therefore is not considered (see Matter of Hogan v Max, 200 AD3d 1016; Heller v Trustees of Town of E. Hampton, 166 AD2d 554, 555-556).
The Supreme Court erred in granting that branch of the petition which was to prohibit the appellants from accessing HDFC's bank accounts, collecting rent, or exercising any control over HDFC, as the remedy of prohibition "is available to prevent only judicial or quasi-judicial action" (Matter of Nicholson v State Commn. on Jud. Conduct, 50 NY2d 597, 606; see Matter of Raiser & Kenniff, P.C. v Nassau County Sheriff's Dept., 149 AD3d 1084, 1085; Matter of Doe v Cuomo, 71 AD3d 889).
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16; Matter of Posser v Senft, 201 AD3d 724). Here, the petitioners failed to demonstrate a clear legal right to the relief sought, as, contrary to their contention, their evidence did not demonstrate that the August 21, 2018 special shareholders' meeting at which they were allegedly elected to the Board was conducted in accordance with HDFC's bylaws.
Finally, the Supreme Court erred in, sua sponte, declaring that all actions taken by the appellants as Board members were void ab initio and that the individual hired by the appellants as a building superintendent was terminated from his position. "Generally, a court may, in its discretion, grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party" (Matter of Catherine Commons, LLC v Town of Orangetown, 157 AD3d 785, 786 [internal quotation marks omitted]; see Carter v Johnson, 110 AD3d 656, 658). Here, no part of this standard was met with respect to the sua sponte relief granted by the court.
The petitioners' remaining contention is without merit.
Accordingly, we reverse the judgment, deny the petition, and dismiss the proceeding.
IANNACCI, J.P., ROMAN, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court